(834 P.2d 1374)

No. 67,036

STATE OF KANSAS, *Appellant*, v. DENNIS MICHEL, *Appellee.*

Opinion filed July 24, 1992.

*Paula Greathouse, Tamara S. Hicks,* and *Richard Hodson,* deputy county attorneys, *Ricklin R. Pierce,* county attorney, and *Robert T. Stephan,* attorney general, for appellant.

*R. Lee McGowan,* of Law Office of Robert A. Levy, of Garden City, for appellee.

Before GERNON, P.J., DAVIS, J., and ROBERT J. SCHMISSEUR, District Judge, assigned.

GERNON, J.: In this interlocutory appeal, the State takes issue with the district court's order which dismissed the State's previous interlocutory appeal from a magistrate judge's order which granted Dennis Michel's motion to quash a warrant and suppress evidence found in a search of his residence.

Michel's residence was searched and evidence was seized as a result of the execution of a search warrant in November of 1990.

A complaint was subsequently filed against Michel alleging three violations of the Kansas Controlled Substances Act.

Michel filed a motion to quash and suppress evidence seized in the execution of the warrant. A district magistrate judge granted Michel's motion in March of 1991. Michel's attorney was instructed to prepare a journal entry, which was filed April 30, 1991. The State filed a notice of appeal on May 2, 1991, seeking an interlocutory appeal to the Finney County District Court. Michel then moved to dismiss the State's appeal, alleging the appeal was not timely filed. The district court ruled the appeal was not timely filed and dismissed the appeal for lack of jurisdiction. The State appeals this dismissal.

Both sides agree that interlocutory appeals by the prosecution in criminal cases are governed by K.S.A. 22-3603 and Kansas Supreme Court Rule 4.02 (1991 Kan. Ct. R. Annot. 20).

K.S.A. 22-3603 states:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

The sole issue before us is the meaning of the phrase "entry of the order" as used in K.S.A. 22-3603 and Supreme Court Rule 4.02. Michel argues the entry of an order occurs when the court orally pronounces its judgment on the motion. The State contends the entry of an order occurs upon filing of the journal entry.

The meaning of "entry of the order" is not defined by statute but has been interpreted by this court in *State v. Bohannon*, 3 Kan. App. 2d 448, 596 P.2d 190 (1979). *Bohannon* was an interlocutory appeal by the State, pursuant to K.S.A. 22-3603, from an order suppressing evidence. The trial court announced its decision to grant the motion to suppress in a one-page letter to defense counsel dated August 29, 1978. The State filed its notice of appeal on September 11, 1978, more than 10 days after the letter announced the trial court's decision. The journal entry was filed September 27, 1978, and contained findings and conclusions not previously announced by the trial court.

We stated in *Bohannon* that some orders are appealable as contemplated by Kansas Supreme Court Rule 4.02 even though they are not judgments as contemplated by K.S.A. 60-258. Judge Abbott, writing for this court, stated:

"Oral orders which are appealable must, when entered, be on the record, and should expressly state whether the announcement alone is intended to constitute entry of the order or whether the trial court expects the order to be journalized and approved by the court before it is deemed to have been formally 'entered.' " 3 Kan. App. 2d 448, Syl. ¶ 1.

In *Bohannon,* the court concluded the trial court did not intend for the order to be entered pursuant to K.S.A. 22-3603 until the journal entry was filed.

Later, in *State v. Galloway,* 235 Kan. 70, 680 P.2d 268 (1984), the Kansas Supreme Court relied upon *Bohannon* on an issue as to whether an interlocutory appeal should be heard. The court, in *Galloway,* held that the two elements of *Bohannon* had been met. The suppression orders of the trial court appeared on the record in a hearing transcript, and the trial court stated there was no need to journalize the orders. Therefore, the orders issued in court were final orders and were appealable pursuant to K.S.A. 22-3603. 235 Kan. at 80.

Here, the district court granted Michel's motion to suppress. Such a ruling is appealable pursuant to K.S.A. 22-3603. However, the notice of appeal must have been filed within 10 days of the entry of the order quashing the warrant and suppressing the evidence. The issue then becomes whether the in-court announcement was intended to be a final order that commences the time within which an appeal must be filed.

An adequate record and the judge's precise language, therefore, become very material when considering whether the in-court announcement is intended to be a final order or entry of judgment.

Here, the first element of *Bohannon* is met. The order quashing the warrant and suppressing the evidence was announced by the court and is on the record. The second element is the trial court's expectation as to whether the announcement alone is entry of the order or whether the order should be journalized to be formally entered. The court's intent seems unclear from the record. However, the trial court expressly directed the preparation of an

"order reflecting the findings of the Court." We conclude this language, with the record before us, evidenced an intent that a journal entry be filed as the formal entry of the court's order.

The journal entry here was filed April 30, 1991. The State filed its notice of appeal within the 10 days allowed after the entry of the journal entry pursuant to K.S.A. 22-3603. Therefore, our judgment is that the appeal was timely filed and that this matter should be remanded so it can proceed on its merits.

Reversed and remanded.