No. 68,093

STATE OF KANSAS, *Appellee*, v. JASON L. TURNER, *Appellant.*

(847 P.2d 1286)

Opinion filed March 5, 1993.

*Steven R. Zinn,* deputy appellate defender, argued the cause and was on the brief for appellant.

*Chris E. Biggs,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Jason L. Turner was convicted of first-degree murder (K.S.A. 1992 Supp. 21-3401) and kidnapping (K.S.A. 21-3420) upon acceptance of his nolo contendere pleas. He received a life sentence for the murder conviction and a 10 year to life sentence for the kidnapping conviction, said sentences to be served consecutively. For his sole issue on appeal, defendant contends that the running of the sentences consecutively constitutes an abuse of judicial discretion. We do not agree.

The facts may be summarized as follows. Defendant and Nathaniel Ellibee, soldiers stationed at Fort Riley, planned a robbery of Pate's Convenience Store located at the intersection of highways 57 and 77 in Geary County. Pursuant to their plan, they

commandeered a military HUM-V vehicle from Fort Riley and drove to the convenience store shortly before its closing time on September 20, 1991. The vehicle was secreted from sight. The two men, dressed in military battle gear with masks pulled over their faces, entered the store. Defendant was armed with a Ruger .7 millimeter rifle loaded with magnum shells. Ellibee was armed with a shotgun. The only person in the store was its clerk, 20-year-old Catherine Heintze.

Ms. Heintze was forced to the back of the store to turn off the store's lights so that the premises would appear to be closed. This done, Ms. Heintze advised she needed to return to the front of the store to turn off some other lights. While there, she triggered a silent alarm switch. The clerk's action was observed. The two men, with Ellibee in the lead, started to flee the scene. Defendant then shot Ms. Heintze with the rifle, literally blowing her head apart. When Ellibee asked defendant why he shot the clerk, defendant responded, "[S]he pissed me off." The following day the defendant gave Ellibee the shell casing from the lethal bullet to keep as a trophy or souvenir of the event.

Defendant was charged with first-degree murder, aggravated kidnapping, attempted aggravated robbery, and conspiracy to commit aggravated robbery. As the result of plea negotiations, defendant entered nolo contendere pleas to first-degree murder and kidnapping. The presentence investigation report notes that both civilian and military jurisdiction existed for the crimes herein and, had prosecution been before a military tribunal, the death penalty could have been imposed. As a part of the plea negotiations, the State agreed to recommend a life sentence on the murder conviction and a 10 year to life sentence on the kidnapping, said sentences to run consecutively. This was the sentence ultimately imposed herein.

For his only issue on appeal, defendant contends the running of the sentences consecutively, as opposed to concurrently, constitutes an abuse of judicial discretion.

In *State v. McDonald*, 250 Kan. 73, Syl. ¶¶ 4, 5, 6, 824 P.2d 941 (1992), we held:

"It is the sentencing judge alone who determines the appropriate sentence or other disposition of the case. The sentencing judge determines the sentence by exercising his or her best judgment, common sense, and judicial discretion

after considering all of the reports, the defendant's background, the facts of the case, and the public safety. A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive."

"K.S.A. 21-4606(2) sets forth seven factors which, while not controlling, are to be considered by the court in fixing the minimum term of imprisonment which is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime."

"When the sentence exceeds the minimum, it is the better practice for the sentencing court to place a detailed statement of facts and factors it considered on the record. Failure to do so does not necessarily indicate the sentencing court abused its discretion. Each case is to be considered on its facts."

It is clear from the record herein that the trial court considered the factors set forth in K.S.A. 21-4606(2), and the defendant does not contend otherwise. Rather, defendant argues that consideration of the statutory factors should have resulted in concurrent sentences being imposed. In support thereof, defendant relies upon the following: (1) He had an unhappy, abused childhood; (2) he was only 21 years old at the time of the offenses and had no prior criminal record; (3) his wife is pregnant; (4) the rifle went off accidentally; and (5) the killing was somehow related to his service in Saudi Arabia as a part of Operation Desert Storm.

As the trial court noted, these were most serious and grievous crimes. As was further noted by the trial court, the community was shocked, frightened, and hurt by the killing of Ms. Heintze. She was a happy, attractive young woman who was working her way through Kansas State University. She had many friends and relatives who miss her deeply and whose letters were in the presentence file. Defendant and Ellibee planned the robbery and were heavily armed when they entered the store. Defendant killed the young woman because he was irritated with her for activating the silent alarm. Defendant's statements of remorse and claim that the killing was accidental were, as the court noted, more than offset by his words and actions at the time of the killing, and his later award of the shell casing to Ellibee as a trophy. We have absolutely no hesitancy in concluding no abuse of judicial discretion has been shown relative to the sentences imposed herein.

The judgment is affirmed.