No. 69,807

STATE OF KANSAS, *Appellee*, v. HERBERT W. REDMON, *Appellant*.

(873 P.2d 1350)

Opinion filed April 22, 1994.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Jerome A. Gorman*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by defendant Herbert W. Redmon following his plea of guilty to the offense of aggravated robbery.

Two issues are presented. Defendant claims the trial court abused its discretion in sentencing him to the statutory maximum term of 15 years to life. The second issue is one of jurisdiction.

Redmon was charged with one count of aggravated robbery, a class B felony, in violation of K.S.A. 21-3427. The charge stemmed from an April 3, 1992, incident in which the Handy Stop convenience store in Kansas City was robbed. Defendant pleaded guilty to the offense as charged pursuant to a plea agreement in which the State agreed not to seek imposition of the Habitual Criminal Act. There was no agreement as to sentencing.

A presentence investigation (PSI) was conducted. The PSI report revealed several prior offenses, including convictions for aggravated robbery in 1973 and 1976. For the 1973 offense, defendant served several months before being granted probation. For the 1976 offense, he was incarcerated for approximately 15 years before being paroled from a 30-year to life sentence on February 18, 1991. The PSI report indicated that defendant was not an appropriate candidate for probation.

Sentencing occurred on September 4, 1992. Defendant's counsel urged imposition of the minimum sentence, noting that defendant was extremely intoxicated on the day of the offense and that he had encountered financial difficulties since he was released on parole for a prior offense. Counsel stated:

"The evening of this crime, he had drank four pints of alcohol by his own admission to me. He then sat outside of the premises and from what he has told me and from going through the record observed two white males discussing how they were gonna rob the [convenience] store and arguing over who was going to do — to go in and do it. He listened to their discussion for a considerable amount of time and then walked up to them and said, 'I will do it,' and went and robbed the [convenience] store."

The State requested imposition of the maximum sentence, and defendant was sentenced to the maximum term of incarceration of 15 years to life.

Defendant's counsel filed a motion for sentence modification. The Topeka Correctional Facility (TCF) report was completed October 20, 1992, and included a recommendation that defendant serve the appropriate term of incarceration. The trial court denied the modification on January 8, 1993, and the journal entry was filed on January 29, 1993.

Defendant's trial counsel filed a notice of appeal on March 8, 1993, two months after the hearing denying modification and more than one month after the journal entry denying modification was filed. Defendant's notice of appeal was not timely.

This court raised on its own motion the issue of whether jurisdiction of defendant's appeal was lacking due to his trial counsel's failure to timely file a notice of appeal. It is well established that "[t]his court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Constitution of Kansas, and when the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal." *State v. Moses*, 227 Kan. 400, 404, 607 P.2d 477 (1980). K.S.A. 22-3608(1) requires that a notice of appeal must be filed not later than 10 days after the district court's power to modify a defendant's sentence expires.

In *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982), this court recognized in the interest of fundamental fairness an exception to the time frame under K.S.A. 22-3608(1) "in those cases where a defendant either was not informed of the right to appeal or was not furnished an attorney to perfect an appeal or was furnished an attorney for that purpose who failed to perfect and complete an appeal." Thus, an appeal may be taken out of time despite the lack of a timely notice of appeal if one of the tests indicated in *Ortiz* is satisfied.

Here, defendant contends that the trial court failed to notify him of his right to appeal. Further, he asserts he informed his trial counsel that he desired to appeal, but she failed to timely file the notice of appeal.

Before sentencing defendant, the sentencing court stated on the record:

"Before we start, I want to remind all—any defendant who should receive probation has a right to expungement of the proceedings and a right to appeal

relative to jury sentencing and the probation aspect you should confer with your attorney regarding those matters."

This does not clearly inform defendant of his rights concerning appeal.

Defendant states that he informed his trial counsel that he wanted to appeal, but she failed to perfect an appeal. An affidavit to this effect signed by defendant was submitted in response to this court's show cause order.

A letter to defendant from trial counsel states:

"If you believe that you were sentenced too severely for the crime that you were convicted of, *you may appeal your sentence.* However, *to discuss that more extensively you will need to contact the Appellate Public Defender's Office and you should do that upon receipt of this letter.*" (Emphasis added.)

Defendant's trial counsel informed him that in order to pursue an appeal, he must work through the appellate defender's office rather than through her. This directly contradicts the duty of trial counsel as stated in K.A.R. 105-3-9(a)(3).

Defendant contacted Legal Services for Prisoners, the appellate defender's office, and the administrative judge of Wyandotte County in an effort to appeal.

Ultimately, defendant's trial counsel filed a notice of appeal on March 8, 1993. Although this was not timely, we conclude the circumstances warrant permitting an untimely filing based on *Ortiz.*

Defendant was sentenced to the maximum term of incarceration, 15 years to life. He contends that certain circumstances mitigate against the severity of the offense and that imposing the maximum sentence in light of these mitigating circumstances was an abuse of discretion.

The district court has considerable discretion in determining the sentence to be imposed:

"It is the sentencing judge alone who determines the appropriate sentence or other disposition of the case. The sentencing judge determines the sentence by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, the facts of the case, and the public safety. A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive." *State v. McDonald,* 250 Kan. 73, Syl. ¶ 4, 824 P.2d 941 (1992).

See *State v. Richard*, 252 Kan. 872, 880, 850 P.2d 844 (1993); *State v. Turner*, 252 Kan. 666, Syl. ¶ 1, 847 P.2d 1286 (1993); *State v. Ji*, 251 Kan. 3, 40-41, 832 P.2d 1176 (1992). However, the sentencing judge's discretion "is not boundless and is to be exercised with regard to what is right and equitable under the circumstances." *State v. Bailey*, 251 Kan. 527, Syl. ¶ 3, 834 P.2d 1353 (1992).

There are certain factors which must be considered by a sentencing judge in order to properly exercise sentencing discretion. The sentence imposed must be individualized to the defendant, considering the needs of public safety and the welfare of the defendant in light of his or her "individual characteristics, circumstances, needs, and potentialities." 'K.S.A. 21-4601. Further, "K.S.A. 21-4606(2) sets forth seven factors which, while not controlling, are to be considered by the court in fixing the minimum term of imprisonment which is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime." *McDonald*, 250 Kan. 73, Syl. ¶ 5. The criteria include:

"(a) The defendant's history of prior criminal activity;

(b) The extent of the harm caused by the defendant's criminal conduct;

(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

(d) The degree of the defendant's provocation;

(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained." K.S.A. 21-4606(2).

When a sentencing judge imposes a sentence greater than the minimum, the judge should make on the record a detailed statement of the facts and factors considered by the court. "Such a record would be of great assistance to the appellate courts in determining whether the sentencing court has abused its discretion." *State v. Buckner*, 223 Kan. 138, Syl. ¶ 9, 574 P.2d 918 (1977). See *Richard*, 252 Kan. at 881; *McDonald*, 250 Kan. 73, Syl. ¶ 6; *State v. Harrold*, 239 Kan. 645, Syl. ¶ 3, 722 P.2d 563

(1986). However, failure to make a statement on the record does not necessarily indicate abuse of discretion in sentencing. Whether abuse occurred is to be determined on a case-by-case basis. See *Richard*, 252 Kan. at 881; *McDonald*, 250 Kan. 73, Syl. ¶ 6; *Harrold*, 239 Kan. at 650. Here, defendant does not suggest that the court failed to consider the factors and policies set forth in K.S.A. 21-4601 and K.S.A. 21-4606.

The standard for determining whether a sentencing judge abused his or her discretion in sentencing is as follows:

"One who asserts that the court has abused its discretion bears the burden of showing such abuse of discretion. Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. Stated another way, discretion is abused only where no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *State v. Heywood*, 245 Kan. 615, 621, 783 P.2d 890 (1989).

See *Taylor v. State*, 251 Kan. 272, Syl. ¶ 3, 834 P.2d 1325 (1992); *State v. Brown*, 249 Kan. 698, Syl. ¶ 10, 823 P.2d 190 (1991).

Here, the maximum sentence of 15 years to life was imposed. The sentencing court stated on the record:

"The maximum sentence in this case has been given because of your past criminal record. The present conviction represents your third aggravated robbery conviction. Also considered was the use of the gun, to the nature of the crime, and the reason that you were on parole at the time."

Defendant does not claim that his sentence was the result of partiality, prejudice, oppression, or corrupt motive. Rather, he argues only that the sentencing judge abused his discretion in imposing the maximum sentence. Defendant's sole argument to show abuse of discretion hinges on an analysis of what he considers to be mitigating circumstances. However, these circumstances are not necessarily mitigating but are subject to multiple interpretations.

Appellate counsel contends defendant had a difficult time finding employment due to his status as a convicted felon and he began to abuse alcohol as a result. Defendant was allegedly intoxicated on the day of this offense. His trial counsel indicated at sentencing that defendant did not intend to commit the rob-

bery until he overheard two other individuals discussing it. Appellate counsel suggests that defendant's intoxication and the spontaneity of the offense show that he did not intend his conduct to cause or threaten harm. See K.S.A. 21-4606(2)(c). However, the suggested spontaneity is supported only by the statements of trial counsel and not by other evidence. The PSI report indicates that after defendant entered the convenience store, he "displayed a semi-automatic weapon and demanded cash from the register." One who displays a weapon and asks for money is hard pressed to claim he did not intend to threaten serious harm.

Appellate counsel also maintains that defendant did not use his weapon and therefore no serious harm occurred. See K.S.A. 21-4606(2)(b). Evidently no physical harm occurred. That is not to say, however, that there was not emotional harm. The victim underwent counseling in part due to defendant's use of a gun. Further, just because no shots were fired does not mean that the weapon was not "used." Defendant's actions substantially affected the victim and it cannot be said that this does not constitute extensive harm.

Next, appellate counsel suggests that defendant was not consciously choosing to resume criminal conduct, but rather he was engaged in a misguided, impulsive act brought about by his financial and emotional difficulties. Impulsive and misguided or not, defendant must take responsibility for the crime he committed.

Appellate counsel also notes that the record does not indicate that defendant is a violent individual or that his conduct has ever physically harmed anyone. Counsel ignores, however, that this is defendant's third conviction for aggravated robbery. The instant offense was committed only 14 months after defendant's release on parole after serving 15 years of a 30-year to life sentence for aggravated robbery. Defendant clearly presents a danger to the public safety even if the record does not show that he has ever physically harmed anyone.

Defendant's claim of abuse of discretion in sentencing is not supported by the record. The sentencing judge considered the statutory criteria, including the nature and circumstances of the

crime committed, defendant's prior criminal history, and the needs of defendant and public safety. What defendant views as mitigating circumstances obviously were not so viewed by the sentencing judge. Imposing a sentence of 15 years to life, although lengthy, was not arbitrary, fanciful, or unreasonable. There was no abuse of discretion in sentencing defendant to the maximum term of incarceration.

Affirmed.