No. 76,721

STATE OF KANSAS, *Appellee*, v. MARCUS GOODWIN, JR., a/k/a "CHICAGO," *Appellant*.

933 P.2d 689

Opinion filed March 7, 1997.

*Michael J. Helvey*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Thomas R. Telthorst*, assistant district attorney, argued the cause, and *Michael Grosko*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This appeal arises out of a K.S.A. 60-1507 motion that resulted in the defendant, Marcus Goodwin, Jr., having his sentence vacated. Goodwin was resentenced to the identical sentence originally imposed. Goodwin's sole issue on appeal is whether the trial judge abused her discretion in resentencing him.

In 1976, Goodwin was convicted of aggravated burglary (K.S.A. 21-3716 [Weeks]) and aggravated robbery (K.S.A. 21-3427 [Weeks]). At this time, Goodwin was 19 years of age, a drug abuser, and a gang member, but had no previous criminal convictions. He was sentenced to a term of 5 to 20 years' imprisonment for the aggravated burglary conviction and to a term of 15 years to life imprisonment for the aggravated robbery conviction, with the sentences to run consecutively. This court affirmed his convictions in *State v. Goodwin*, 223 Kan. 257, 573 P.2d 999 (1977).

In the K.S.A. 60-1507 action before us, the trial court determined Goodwin was not granted allocution at his original sentencing and vacated the sentence. Goodwin was returned to court and

granted allocution, and the trial court then imposed the same sentence originally imposed.

The trial court also (as required by K.S.A. 21-4724[f]) computed what Goodwin's sentence would have been if he had been sentenced under the sentencing guidelines. His guidelines sentence would have been 81 months (49 months for aggravated robbery and 32 months for aggravated burglary, to run consecutively).

Goodwin's argument, in large part, is that if he committed the same crime today, he would receive 85 months, less 20% good time credit, and could have been released after serving some 68 months. He has now served some 20 years (it appears he has been passed over for parole 10 times). Goodwin argues that no reasonable person would reimpose the original sentence based on the facts and the length of time he had already served. Goodwin asks that we find abuse of discretion and remand for resentencing.

Goodwin was not eligible for retroactive application of the sentencing guidelines. See *Chiles v. State*, 254 Kan. 888, 890, 869 P.2d 707, *cert. denied* 130 L. Ed. 2d 88 (1994).

"It is the sentencing judge alone who determines the appropriate sentence or other disposition of the case. The sentencing judge determines the sentence by exercising his or her best judgment, common sense, and judicial discretion . . . . A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive. *State v. Turner*, 252 Kan. 666, Syl. ¶ 1, 847 P.2d 1286 (1993). When a reviewing court determines that no reasonable person would agree with the trial court's decision, then an abuse of discretion will be found. *State v. Griffin*, 246 Kan. 320, 326, 787 P.2d 701 (1990)." *State v. McCloud*, 257 Kan. 1, 8-9, 891 P.2d 324, *cert. denied* 516 U.S. 837 (1995).

Goodwin's resentencing was imposed within the statutory guidelines applicable to him. Thus, this court cannot disturb the sentence on appeal if it is within the trial court's discretion and if it is not the result of partiality, prejudice, oppression, or corrupt motive.

There has not been such a change of circumstances between the original sentencing in 1977 and the resentencing in 1996 to make the resentencing, with the exact terms as the original sentence, an abuse of discretion. It is true that a sentence under the sentencing

guidelines for the same crimes, with the same criminal history, would have been much less than the sentence which Goodwin received. However, Goodwin committed the crimes at issue before the sentencing guidelines were enacted. Goodwin is not eligible for retroactive application of the sentencing guidelines. Thus, the sentencing guidelines do not apply to Goodwin. As such, the fact that a guidelines sentence for such crimes would have been much less severe than sentences imposed on Goodwin is irrelevant. Under the laws applicable to Goodwin, the legislature gave the trial court discretion to sentence Goodwin appropriately. At his resentencing, after being provided allocution, Goodwin received the same sentence as originally imposed. It cannot be said that all reasonable persons would disagree with this new sentence. The trial court did not abuse its discretion in resentencing Goodwin.

Goodwin does not argue that the resentencing was the result of partiality, prejudice, oppression, or corrupt motive.

Affirmed.