(67 P.3d 164)

No. 88,879

STATE OF KANSAS, *Appellee*, v. EDDIE L. OWENS, *Appellant*.

Opinion filed April 25, 2003.

*Carl E. Cornwell*, of Cornwell, Cameron, Erickson, and Travis, of Olathe, for appellant.

*David L. Miller*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before MARQUARDT, P.J., ELLIOTT, J., and WAHL, S.J.

MARQUARDT, J.: Eddie L. Owens appeals his sentence of 22 months' imprisonment. We affirm.

In October 2001, Owens entered guilty pleas to one count each of the sale or delivery of marijuana and the sale or delivery of cocaine. Owens' offenses were both drug level 3 nonperson felonies, and his criminal history score was G.

In December 2001, Labette Correctional Conservation Camp (Labette) sent a letter to Owens' defense counsel stating that Owens met Labette's eligibility criteria. At sentencing in April 2002, Owens' counsel stated that Owens attempted to sell drugs so that he could make money to pay for his twin babies' health care. Counsel urged the trial court to place Owens in community corrections. The State conceded to the sentences running concurrently; however, it opposed probation because of the amount of drugs and money involved. The trial court stated:

"First, regarding the boot camp, the boot camp is for, in my opinion, young people, now specifically young men, who require regiment in their life. The boot camp is a viable alternative for persons who need structure, reorientation and responsibility. I don't really view Mr. Owens as one of those people that would benefit from the boot camp. And since it is a limited resource, I think that's a waste of a valuable resource for those persons that might use it when you utilize it for people that are simply looking at it as a sentencing alternative, as opposed to a true method of rehabilitation."

The trial court considered the large amount of drugs and money involved and stated that Owens was not a suitable candidate for Labette or probation.

Owens timely appeals.

Owens argues that the trial court erred in imposing imprisonment instead of placing him at Labette. K.S.A. 2000 Supp. 21-4603d(a)(11) provides in pertinent part:

"[P]rior to sentencing a defendant to incarceration whose offense is classified in grid blocks 5-H, 5-I or 6-G of the sentencing guidelines grid for nondrug crimes or in grid blocks 3-E, 3-F, 3-G, 3-H, 3-I, 4-E or 4-F of the sentencing guidelines grid for drug crimes, . . . the court shall consider placement of the defendant in the Labette correctional conservation camp, conservation camps established by the secretary of corrections pursuant to K.S.A. 75-52,127, and amendment thereto or a community intermediate sanction center. Pursuant to this paragraph the defendant shall not be sentenced to imprisonment if space is available in a conservation camp or a community intermediate sanction center and the defendant meets all of the conservation camp's or a community intermediate sanction center's placement criteria unless the court states on the record the reasons for not placing the defendant in a conservation camp or a community intermediate sanction center."

Both parties state that this court's standard of review is abuse of discretion, citing *State v. Goodwin*, 261 Kan. 961, 933 P.2d 689

(1997), and *State v. Scales*, 261 Kan. 734, 933 P.2d 737 (1997). The trial court exercises its discretion in determining a sentence, and a sentence within the statutory guidelines will not be disturbed on appeal unless it was a result of partiality, prejudice, oppression, or corrupt motive. *Goodwin*, 261 Kan. at 962; *Scales*, 261 Kan. at 737; see K.S.A. 21-4721(e)(1).

This court has held that the failure of a trial court to consider placement of the defendant at Labette, as required by K.S.A. 2000 Supp. 21-4603d(a), mandates that the sentence be vacated and the matter remanded for resentencing. See *State v. Dreier*, 29 Kan. App. 2d 958, 960, 34 P.3d 480 (2001).

In this case, the trial court did consider placement at Labette. Owens insists that he was eligible for placement at Labette and the trial court did not "adequately state reasons why he should not go to Labette except for the prejudicial and irrelevant issue of age."

The trial court's duty is to consider Labette in appropriate situations and to note its consideration on the record. *State v. Schick*, 25 Kan. App. 2d 702, 704, 971 P.2d 346 (1998), *rev. denied* 266 Kan. 1114 (1999). Contrary to Owens' assertions, the trial court stated that Labette was "for persons who need structure, reorientation and responsibility," but it did not view Owens as "one of those people that would benefit from the boot camp." The trial court satisfied the requirements of K.S.A. 2000 Supp. 21-4603d(a).

Affirmed.