NOT DESIGNATED FOR PUBLICATION

Nos. 121,728
121,732
121,734

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF SALINA,
*Appellee*,

v.

MARSHALL J. MATTHEWS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed February 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL and LEBEN, JJ.

PER CURIAM: Marshall James Matthews Jr. appeals his sentence following his convictions for driving with a suspended license and interfering with a law enforcement officer. The City of Salina filed for summary disposition, arguing Matthews had not raised a substantial question of law on appeal. Matthews filed a response opposing summary disposition. We granted the City's motion under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47).

On February 27, 2019, Matthews was sentenced in four cases in Salina Municipal Court. Matthews appealed all four cases to the trial court. The trial court imposed the

1

same sentences as the municipal court. Matthews then appealed all four sentences to this court. Three of those cases were consolidated and are a part of this appeal. The fourth case was not consolidated. That stated, Matthews' argument applies to all cases—that the trial court abused its discretion in denying his request to serve a controlling term of 60 days' imprisonment under electronic monitoring.

In case No. 2018-CRM-00615, Matthews pleaded no contest to one count of driving while suspended and one count of interfering with a law enforcement officer. The municipal court found his conviction for driving while suspended was a fifth offense and sentenced him to 60 days' imprisonment suspended and a $200 fine. The court also sentenced him to 180 days' imprisonment suspended after serving 20 days, a $500 fine, and 2 years of unsupervised probation for interfering with a law enforcement officer.

In case No. 2018-TRM-03343, Matthews pleaded no contest to one count of driving while suspended. The municipal court found his conviction was a fifth offense and sentenced him to 365 days' imprisonment suspended after serving 30 days, a $500 fine, and 2 years of unsupervised probation.

In case No. 2018-TRM-02708, Matthews pleaded no contest to one count of driving while suspended. The municipal court found his conviction was a fifth offense and sentenced him to 180 days' imprisonment suspended after serving 20 days, a $500 fine, and 2 years of unsupervised probation.

In a fourth case that is not a part of this appeal, Matthews pleaded no contest to one count of driving while suspended. The municipal court found his conviction was a fifth offense and sentenced him to 365 days' imprisonment suspended after serving 60 days, a $500 fine, and 2 years of unsupervised probation.

Matthews appealed his sentences in all four cases to the Saline County District Court. At a hearing before the trial court, Matthews did not challenge the length of his sentences. He challenged only the way in which his sentence was to be served, asking to serve his term of imprisonment under electronic monitoring. He told the court he was responsible for caring for his wife and grandchildren. He also suffered from chronic migraines, chronic depression, and PTSD. Because he was a veteran, he received treatment from the Veterans Administration (VA). He had multiple appointments set up at the VA that month, and he had to make those appointments to keep getting benefits. Otherwise, he would have to start the process all over again. For those reasons, he asked the court to place him on electronic monitoring for 60 days instead of serving them in jail.

The City opposed Matthews' request because of the number of convictions he had on appeal. It also argued he had a history of failing to appear in those cases. It added that the sentences were all within the statutory limits.

The trial court noted that all of Matthews' convictions for driving while suspended were fifth offenses. For that reason, the court denied Matthews' request. It explained house arrest was for defendants who did not have a history of repeat offenses. It found Matthews' municipal court sentences were appropriate and imposed the same. The court also clarified Matthews would serve a controlling term of 60 days in jail before starting his 2 years of probation, with all sentences running concurrently. Matthews appeals.

On appeal, Matthews argues that the trial court abused its discretion in denying his request to serve his 60 days of imprisonment under electronic monitoring. He claims he provided compelling reasons why the court should have granted his request. He argues the court failed to consider these reasons and denied his request because of his number of prior convictions.

Both parties agree this court's standard of review is abuse of discretion, citing *State v. Redmon*, 255 Kan. 220, 223, 873 P.2d 1350 (1994). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). "'A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive.'" *Redmon*, 225 Kan. at 223.

Matthews' convictions for driving while suspended fall under Salina City Code § 25-1 and Standard Traffic Ordinance 194, which authorizes a sentence of imprisonment not to exceed 1 year, a fine not to exceed $2,500, or both, for a second or subsequent offense. His conviction of interfering with a law enforcement officer falls under Salina City Code § 25-1 and Uniform Public Offense Code (UPOC) § 7.2(a)(3) (33rd ed. 2016), with an authorized sentence of imprisonment not to exceed 1 year, a fine not to exceed $2,500, or both. UPOC § 12.1; UPOC § 12.2. Thus, the length of his sentences are within statutory limits.

The trial court denied Matthews' request because he had a history of prior convictions for driving while suspended. Matthews was also before the court with four more convictions for the same offense. While serving 60 days in jail may cause hardship for Matthews, a reasonable person could agree with the court's decision to deny his request based on the number of convictions he had. His sentences were also not the result of partiality, prejudice, oppression, or corrupt motive. As a result, we affirm.

Affirmed.