NOT DESIGNATED FOR PUBLICATION

No. 122,385

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAE VAUGHN ANTHONY,
*Appellant.*

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed October 30, 2020. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, chief deputy county attorney, *Gregory T. Benefiel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and STANDRIDGE, JJ.

POWELL, J.: Roughly a year and a half after Trae Vaughn Anthony's probation was revoked, he sought permission to file an appeal out of time, but the district court denied the motion on the grounds he never asked his attorney to file an appeal. Anthony now appeals the district court's denial of his motion to appeal out of time, claiming insufficient evidence supports the district court's conclusion that he failed to ask his attorney to file an appeal. After reviewing the record, we disagree with Anthony and thus affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

As part of a plea agreement with the State, Anthony pled no contest to the charge of possession of marijuana with intent to distribute. Consistent with the plea agreement, the district court sentenced Anthony to 123 months in prison but granted his departure motion and placed Anthony on probation from that sentence for 36 months.

Several months into his probation, and after Anthony had already violated the terms of his probation once before, the State again sought to revoke his probation. At the probation violation hearing in September 2017, Anthony stipulated to the alleged violations, and the district court revoked his probation and imposed his underlying prison sentence. The district court advised Anthony of his right to appeal within 14 days and advised him to discuss that right in more detail with his attorney, Donald Snapp.

In April 2019, one year and seven months after the district court ordered him to serve his underlying sentence, Anthony filed an untimely pro se notice of appeal titled "Petition to Docket Appeal Out of Time." A review of the substance of the motion indicates it is a motion to file an untimely notice of appeal, so, like the district court, we will construe it as such. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010) ("Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments."). In his motion, Anthony asked permission to file an appeal out of time due to his court-appointed counsel failing to timely perfect his appeal "or even notify the defendant that he could file his own [pro se] notice of appeal."

On December 5, 2019, the district court conducted an *Ortiz* hearing on Anthony's motion. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). At this hearing, Snapp testified that his practice is to immediately, after a sentencing or a revocation of probation hearing, ask a defendant if he or she wishes to file an appeal. If so, Snapp stated he files

2

"a notice of appeal with the district court well within the 14 days." Snapp testified he did not have anything in his file regarding Anthony's desire to appeal. He elaborated that if Anthony had asked to appeal, Snapp would have noted that in the client file and filed a notice of appeal. However, Snapp could not recall the specific conversation between himself and Anthony two years prior, nor could he remember Anthony telling him to "go ahead and file an appeal." But Snapp testified that if Anthony would have said so, he would have made notation of that request in the file and filed the appeal.

Anthony also testified at the *Ortiz* hearing. He testified he told Snapp immediately after the hearing to "go ahead and do it," as in file the notice of appeal. Anthony also testified he never followed up with Snapp regarding an appeal or the status of any believed appeal.

The district court ultimately found Snapp's testimony more credible than Anthony's, specifically crediting Snapp's practice of always advising his clients of their right to appeal when leaving the courtroom, and had Anthony requested Snapp file a notice of appeal, Snapp would have done so. It concluded, based on those findings of fact, that Anthony did not request to file a notice of appeal.

Anthony now appeals the denial of his motion.

ANALYSIS

On appeal, Anthony argues the district court erred in concluding he was not entitled to an out-of-time appeal. In response, the State argues Anthony's current appeal is untimely and, alternatively, the district correctly denied Anthony relief.

1.    *Timeliness of Anthony's Appeal of the Denial of His Motion to Appeal Out of Time*

The State questions the timeliness of Anthony's current appeal, claiming he filed his notice of appeal one day late. Anthony does not reply to this argument.

The right to appeal is entirely statutory, and, subject to certain exceptions, our appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by the applicable statutes. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). A timely notice of appeal is typically required to give an appellate court jurisdiction over an appeal. Whether jurisdiction exists is a question of law over which we exercise unlimited review. *State v. Patton*, 287 Kan. 200, 205-06, 195 P.3d 753 (2008).

K.S.A. 2019 Supp. 22-3608(c) states:  "For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal." "'Judgment' in a criminal case" is completed by sentencing. *State v. McGaugh*, 56 Kan. App. 2d 286, 289, 427 P.3d 978 (2018). However, the denial of Anthony's motion seeking to appeal out of time occurred well after sentencing, raising a question as to this statute's applicability.

K.S.A. 22-3606 instructs us that "[e]xcept as otherwise provided by statute or rule of the supreme court, the statutes and rules governing procedure on appeals to an appellate court in civil cases shall apply to and govern appeals to an appellate court in criminal cases." In a civil case, a party has 30 days from the entry of the judgment to appeal. K.S.A. 2019 Supp. 60-2103(a).

When examining caselaw on this issue, we note the Kansas Supreme Court applied the shorter window to appeal found in K.S.A. 2019 Supp. 22-3608(c) to the denial of a motion to withdraw a defendant's plea in a direct criminal appeal, but the court

4

stated it "assumed without deciding" that K.S.A. 22-3608(c) was applicable. See *State v. Hemphill*, 286 Kan. 583, 590, 186 P.3d 777 (2008). Perhaps more significantly, the 30-day time limit to appeal found in K.S.A. 2019 Supp. 60-2103(a) has generally been applied to appeals involving other postsentencing motions. See *State v. Swafford*, 306 Kan. 537, Syl. ¶ 1, 394 P.3d 1188 (2017) (applying 30-day limit to motion to correct illegal sentence).

In our view, Anthony's current appeal is timely under either time limit.

According to the record, the district court orally denied Anthony's motion at the *Ortiz* hearing on December 5, 2019. The district court filed its journal entry on the matter on December 24, 2019. Anthony filed his notice of appeal from the district court's denial of his motion on December 20, 2019—15 days after the oral denial at the hearing and 4 days before of the filing of the journal entry. Under the time limit rules governing civil appeals contained in K.S.A. 2019 Supp. 60-2103(a), Anthony's appeal is clearly within 30 days.

Under the 14-day limitation for criminal appeals contained in K.S.A. 2019 Supp. 22-3608(c), Anthony's appeal is also timely. As earlier stated, judgment in a criminal case is completed by *sentencing*. *McGaugh*, 56 Kan. App. 2d at 289. Thus, the time to file a notice of appeal runs from the oral pronouncement of sentence instead of the filing of a journal entry of that sentence. See *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016); *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008). But here, there was no sentence imposed or announced; rather, this case involves the denial of a postsentencing motion to appeal out of time.

When a district judge indicates an oral order is intended to be journalized and approved by the court before the order is deemed to be formally entered, the order is not effective until the filing of that journal entry. See *State v. Michel*, 17 Kan. App. 2d 265,

267-68, 834 P.2d 1374 (1992); *State v. Bohannon*, 3 Kan. App. 2d 448, 450-51, 596 P.2d 190 (1979). This was the case here. Moreover, the journal entry denying Anthony's motion states: "This Order is effective as of the date and time shown on the electronic file stamp by the electronic signature of the Judge of the District Court attached hereto," which is December 24, 2019. Therefore, Anthony's notice of appeal was filed four days before the journal entry denying his motion was filed, making it premature. But a premature notice of appeal becomes timely upon the filing of the journal entry. Kansas Supreme Court Rule 2.03(a) (2020 Kan. S. Ct. R. 14); see *State v. Dryden*, No. 119,976, 2019 WL 2398027, at *5 (Kan. App. 2019) (unpublished opinion) (applying premature notice of appeal rules to State's appeal of order dismissing single count of multiple-count complaint), *rev. denied* 311 Kan. ___ (February 27, 2020); *State v. Dunbar*, No. 101,919, 2010 WL 2044939, at *2 (Kan. App. 2010) (unpublished opinion) (applying premature notice of appeal rules to denial of jail time credit). Thus, even under the shorter 14-day time limit, Anthony's notice of appeal became effective on December 24, 2019, the same day the journal entry denying his motion was filed. Therefore, his notice of appeal is timely.

2.      *Denial of* Ortiz *Relief*

Turning to the merits of Anthony's appeal, he claims the district court erred in denying his motion to file an appeal out of time because the district court's conclusion that he did not request an appeal was not supported by substantial competent evidence.

As we have already stated, a timely notice of appeal is required under most circumstances for an appellate court to obtain jurisdiction over an appeal. *Patton*, 287 Kan. at 206. In *Ortiz*, the Kansas Supreme Court set out three narrow exceptions to this jurisdictional requirement. A district court may allow a late appeal if a criminal defendant was: (1) not informed of his or her right to appeal; (2) not furnished an attorney to perfect an appeal; or (3) furnished an attorney who failed to perfect an appeal. 230 Kan.

at 735-36. If a defendant meets an exceptional circumstance set out in *Ortiz*, "he or she must be allowed to file an appeal out of time." *State v. Phinney*, 280 Kan. 394, 405, 122 P.3d 356 (2005). Here, Anthony only argues the third factor is applicable.

A district court's decision on whether an *Ortiz* exception applies is reviewed on appeal under a dual standard. First, we review the facts underlying the district court's ruling for substantial competent evidence. Second, the legal conclusions made by the district court based on those facts are reviewed de novo. *State v. Smith*, 303 Kan. 673, 677, 366 P.3d 226 (2016). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). When reviewing the evidence, we do not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact. *State v. Ward*, 292 Kan. 541, 581, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

At the *Ortiz* hearing, Snapp testified that it was his practice to speak with defendants as they were leaving the courtroom and inquire if they wished to appeal. If a client indicated a desire to appeal, Snapp's practice was to promptly file an appeal. Snapp further testified that if Anthony had asked him to appeal, he would have noted it in the client file and promptly filed an appeal. Snapp did not recall Anthony telling him to appeal.

Anthony testified the district court advised him of his right to appeal and he had a conversation with Snapp in the courtroom after the revocation of his probation. However, his testimony differed from Snapp's in one important way: Anthony testified he told Snapp to file an appeal during that conversation. Anthony never followed up on the status of his appeal with Snapp.

At the hearing the State noted there was conflicting testimony and the district court's decision came down to an issue of credibility. The district court found Snapp indicated his practice was always to advise his clients of their right to appeal when leaving the courtroom and if Anthony had requested he file an appeal, Snapp would have done so. The district court weighed the credibility of the witnesses and concluded, based on the testimony presented, Anthony "did not request to file an appeal." Given that we cannot redetermine the credibility of witnesses, our review of the record leads us to conclude the evidence supporting the district court's finding is adequate to support its conclusion Anthony did not request an appeal. This conclusion is further bolstered by the fact Anthony never followed up with Snapp on the status of his alleged requested appeal, even though significant time had passed.

Anthony argues that Snapp's failure to comply with K.A.R. 105-3-9(a)(3) compels a conclusion that the district court's findings are not based on substantial competent evidence. K.A.R. 105-3-9(a)(3) requires counsel to file a notice of appeal unless the defendant signs a waiver of the right to appeal. We acknowledge the record before us lacks any such written waiver by Anthony. But the Kansas Supreme Court has held that "the failure to comply with the provisions of the statute and the administrative regulation quoted above need not be fatal" where it is clear from the record the defendant was fully aware of his or her appeal rights. *State v. Willingham*, 266 Kan. 98, 100, 967 P.2d 1079 (1998). Even though a signed waiver would have simplified the factual findings in the present case, the district court heard evidence, evaluated the credibility of the witnesses, and determined Anthony did not ask his attorney for an appeal. That determination is supported by the record.

Anthony tries to persuade us that *State v. Redmon*, 255 Kan. 220, 873 P.2d 1350 (1994), and *Willingham* demand a different result. However, both are distinguishable.

8

In *Redmon*, the Kansas Supreme Court found the third *Ortiz* exception had been met when it determined that a letter from trial counsel stating Redmon may appeal his sentence but he needed to contact the Appellate Public Defender's Office was in direct contradiction of the duty of trial counsel under K.A.R. 105-3-9(a)(3). 255 Kan. at 223. And in *Willingham*, the Kansas Supreme Court permitted an untimely appeal because it found that neither the sentencing court nor trial counsel had advised Willingham of his right to appeal. 266 Kan. at 100.

Here, there is no evidence Snapp provided any contradictory or incorrect information to Anthony about the steps needed to appeal, and Snapp and the district court informed Anthony of his right to appeal. Moreover, the issue in the present case involves a credibility determination made by the district court—that Anthony's testimony he told Snapp to appeal was not credible.

We find *State v. Northern*, 304 Kan. 860, 865, 375 P.3d 363 (2016), instructive because while trial counsel in that case did not obtain a signed waiver as required under the regulation, the record demonstrated the defendant had been informed of his right to appeal but failed to ask his attorney to file the appeal. The same facts exist in our case. The record reflects the district court and counsel advised Anthony of his right to appeal. Even though Snapp did not obtain a signed waiver, Snapp testified that his practice was to advise his clients immediately after the hearing of their right to appeal and if Anthony would have asked him to appeal, he would have absolutely done so. The district court found this testimony credible.

Given that the district court's factual findings are supported by substantial competent evidence, we find Anthony was not entitled to *Ortiz* relief on the third factor. Because Anthony did not request an appeal, his attorney did not fail to perfect one. The district court did not err in concluding that Anthony was not entitled to file an appeal out of time.

9

Affirmed.