IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,955

STATE OF KANSAS,
*Appellee*,

v.

MITCHELL C. NORTHERN,
*Appellant.*

SYLLABUS BY THE COURT

1.

A timely notice of appeal is required under most circumstances in order for an appellate court to obtain jurisdiction over an appeal.

2.

An appellate court may consider a new argument on appeal only if the newly asserted theory involves a pure question of law arising on proved or admitted facts and that is finally determinative of the case or if consideration of the new theory is necessary to serve the ends of justice or to prevent denial of fundamental rights.

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed July 22, 2016. Affirmed.

*Samuel Schirer,* of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Sheryl L. Lidtke,* chief deputy district attorney, argued the cause*, and Kristiane N. Bryant*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Mitchell C. Northern appeals from the denial of his motion for leave to take an out-of-time appeal from his life sentence for first-degree premeditated murder.

Northern pled guilty to first-degree murder, and the district court imposed a hard 25 sentence from the bench on October 28, 2011, in conformity with the plea agreement. Richard Carney was Northern's attorney during the proceedings. At the sentencing hearing, the State requested that the court "leave open" the matter of restitution until information from the victim's family became available. After pronouncing the terms of incarceration, the court stated, "I will leave the issue of restitution open for a matter of 30 days." The court then informed Northern that he had 14 days in which to file a notice of appeal. No notice of appeal was filed at that time.

On November 30, 2011, the district court entered a restitution order in the amount of $1,977.98 to be paid to the parent of the victim. Again, no notice of appeal was filed at the time.

Years later, on May 19, 2014, Northern filed a pro se motion seeking leave from the district court to file his appeal out of time. In his motion, he proffered that he had been informed of his right to appeal by the court, that he asked his attorney to take an appeal from the sentence, and that his attorney failed to file a timely appeal. Northern and Carney both testified at a hearing on the motion.

Northern testified that, when the judge told him he had 14 days in which to appeal, he told his attorney that he "would like for that to happen" and that he "wanted the appeal to go." He further testified that his attorney responded that "it wouldn't do any good." On

2

cross-examination, Northern said that he was "fairly sure" that he asked his attorney to file a notice of appeal and that he was "most of the way sure" that he made the request, but that he "could be mistaken." Northern did not inquire of Carney whether he actually filed the notice of appeal. Finally, in May 2014, Northern determined that no appeal had ever been filed in his case.

Carney testified that he did not recall Northern asking him to file an appeal and that no conversation took place regarding an appeal. Carney further testified that he had explained to Northern during discussions about the plea agreement that he would be statutorily precluded from an appeal unless the sentence was illegal or otherwise incorrect.

The district court engaged in the following evaluation of the credibility of the two witnesses:

> "The court finds clearly that he was notified of his right to appeal, he admits that candidly. He also admits candidly that he's not positive what phraseology he had with Mr. Carney. I do not find that he has met the basis of the exceptions under *Ortiz* and subsequent cases. And based on that, the court denies his right to file appeal out of time."

In its subsequent journal entry, the district court made the following findings on which it based the denial of Northern's motion:

"1.   The defendant was notified of his right to appeal.
"2.   The defendant did not recall a specific conversation with his attorney, Rick Carney, during which he requested that Carney file an appeal on his behalf. In addition, Carney testified that the defendant did not request that Carney file an appeal.
"3.   None of the exceptions under *State v. Ortiz*, 230 Kan. 733 (1982) apply."

3

Northern initially argues that, although his prison term was pronounced in open court, the subsequent restitution order was issued only through a written order. He contends that his sentence never became final for purposes of appeals because restitution was never pronounced from the bench in open court and his appeal from the sentence is therefore not out of time.

Because the interpretation of statutes and the determination of jurisdiction, including when the time to file a notice of appeal starts to run, involve questions of law, we exercise unlimited review over this matter. See *State v. Hall*, 298 Kan. 978, 982-83, 310 P.3d 506 (2014).

A defendant's sentence becomes final and appealable when the district court pronounces the sentence from the bench. *Hall*, 298 Kan. at 983. A district court may exercise its discretion to continue a sentencing hearing. *State v. Beaman*, 295 Kan. 853, 863, 286 P.3d 876 (2012). Restitution is part of a criminal defendant's sentence. *Hall*, 298 Kan. at 983. It is not the incarceration phase of sentencing alone that triggers the beginning of the statutory time to file a notice of appeal; the restitution phase of sentencing must also be completed before a defendant files a notice of appeal. *State v. McDaniel*, 292 Kan. 443, 448, 254 P.3d 534 (2011). A defendant may not take an appeal until judgment is final. *Hall*, 298 Kan. at 986.

Because restitution is part of a criminal defendant's sentence, the amount may only be set by a sentencing judge when the defendant is present in open court. Until the applicable restitution amount is decided, the sentencing process is not complete. *Hall*, 298 Kan. at 986. The *Hall* court emphasized that "any completion of sentencing must take place in the defendant's presence in open court." 298 Kan. at 987. "As is the case with other critical stages of criminal proceedings, a defendant may waive his or her right

4

to be present at a continued sentencing hearing, but a district judge would be well advised to see that a defendant's waiver appears on the record." 298 Kan. at 987-88.

Northern argues that he was not present in open court when the judge announced the amount of restitution; he did not waive his right to be present at all stages of sentencing; the order of restitution therefore did not complete the sentencing procedure; sentencing has never been completed; and his time to file a notice of appeal therefore has never begun to run.

The State directs the court's attention to *State v. Frierson*, 298 Kan. 1005, 319 P.3d 515 (2014). In *Frierson*, the district court imposed restitution at the same hearing during which it announced defendant's prison term. The district court then modified the restitution order via a written order that was signed by both attorneys. The defendant challenged the modification, asserting that the district court was without jurisdiction to increase the restitution amount.

This court affirmed the modified restitution order on several grounds: at the sentencing hearing, the judge announced that he was holding jurisdiction open in order to obtain complete cost assessments; the written restitution order was signed by the defendant's attorney; and the defendant did not argue on appeal that his right to be present at sentencing was violated, so the issue was not considered by this court. 298 Kan. at 1021-22. We held that "because the judge explicitly held open jurisdiction, and because the parties agreed on a 30-day extension, and because the order was signed by defense counsel and entered within the planned time frame, we are satisfied that the spirit, if not the letter, of the procedure" set out in *Hall* was satisfied. 298 Kan. at 1021. Noting widespread uncertainty about the interplay of restitution orders and appellate timelines, we limited strict adherence to the *Hall* requirements to cases in which sentencing occurred *after* the mandate in *Frierson*. 298 Kan. at 1021.

This court then relied on *Frierson* in *State v. Moncla*, 301 Kan. 549, 555, 343 P.3d 1161 (2015), where we rejected the appellant's argument that his case was still open because restitution had been set by a written journal entry and was never pronounced in his presence in open court. We held that "[t]he finality of Moncla's sentence . . . occurred *no later than the filing of the journal entry memorializing the restitution amount*." (Emphasis added.) 301 Kan. at 555. As in *Frierson*, we were satisfied that the "spirit, if not the letter" of proper procedure was followed. 301 Kan. at 554.

The facts of the present case closely resemble those of *Frierson* and *Moncla*. Northern was sentenced prior to the decision in *Frierson*, and we have declined to apply the strict requirements derived from *Hall* retroactively to pre-*Frierson* sentences. We find no manifest injustice ensuing from Northern's inability to obtain appellate jurisdiction, and we are not persuaded of a need to alter our holdings in *Frierson* and *Moncla*.

Northern advances a second argument that the district court erred when it denied his motion to file an untimely appeal.

A timely notice of appeal is required under most circumstances in order for an appellate court to obtain jurisdiction over an appeal. *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008). In *State v. Ortiz*, 230 Kan. 733, 735–36, 640 P.2d 1255 (1982), this court set out three narrow exceptions to this jurisdictional requirement. A district court may allow a late appeal if a criminal defendant was: (1) not informed of his or her right to appeal; (2) not furnished an attorney to perfect an appeal; or (3) furnished an attorney who failed to perfect an appeal. If a defendant meets the exceptional circumstances set out in *Ortiz*, he or she must be allowed to file an appeal out of time. *State v. Phinney*, 280 Kan. 394, 405, 122 P.3d 356 (2005).

6

Northern contends that the first and third *Ortiz* exceptions apply to him, because the district court misadvised him during the sentencing process about the time for taking his direct appeal and because his attorney failed to comply with his express wish that he file a timely notice of appeal.

Northern concedes that he did not argue these points to the district court, and for that reason the proof required of either him or the State by the *Patton* test was never proffered. He advocates remanding the case for additional development of the record and for additional findings by the district court. We decline to exercise that option under the facts of this case.

An appellate court may consider a new argument on appeal only if the newly asserted theory involves a pure question of law arising on proved or admitted facts and that is finally determinative of the case or if consideration of the new theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Poulton*, 286 Kan. 1, 5, 179 P.3d 1145 (2008).

Northern's argument regarding the first *Ortiz* exception does not involve a purely legal question. He, therefore, would have to show that consideration of his argument is necessary to serve the ends of justice or to prevent denial of fundamental rights. He makes no proffer of any injustice that he has suffered as a result of receiving the statutory minimum sentence based on his voluntary plea to murder.

Northern contends that the failure by trial counsel to follow K.A.R. 105-3-9, which requires appointed counsel to file a notice of appeal unless the defendant signs a waiver of the right to appeal, would be better evidence of whether the third *Ortiz* exception applies. In *Phinney*, however, this court held that trial counsel's direct testimony that he had fully advised his client of his appeal rights was sufficient to take

7

the place of K.A.R. 105-3-9 evidence. 280 Kan. at 405. Even though a signed waiver would have simplified the factual findings in the present case, the district court heard evidence and evaluated the credibility of the witnesses and determined that Northern did not ask his attorney for an appeal. That determination is supported by the record.

The judgment of the district court is affirmed.