NOT DESIGNATED FOR PUBLICATION

No. 118,888

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAY A. MCLAUGHLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed December 7, 2018. Affirmed.

*Jonathan W. McConnell*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER, J., and SIDNEY R. THOMAS, District Judge, assigned.

PER CURIAM: In this appeal of his sentence, Jay A. McLaughlin contends the court's order of lifetime postrelease supervision is cruel and unusual punishment. He challenges lifetime postrelease supervision under the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. He contends we should review these claims for the first time on appeal because they were not ripe for judicial review until *after* sentencing and, at that point, the district court had lost jurisdiction to decide the issues. We disagree. Instead, we hold that constitutional challenges to lifetime postrelease supervision are ripe for decision at the defendant's

1

sentencing hearing, even if the defendant may be sentenced to probation. Additionally, we hold McLaughlin's case-specific Eighth Amendment challenge and his § 9 challenge have not been properly preserved for our review. We will, however review his categorical Eighth Amendment challenge to mandatory lifetime postrelease supervision and hold that it is not categorically disproportionate for a first-time offender and thus, is not unconstitutional.

After making a plea agreement with the State, McLaughlin pled guilty to two counts of indecent liberties with a child. The State dismissed the remaining charges. Because he had no criminal history, he fell within a "border box" on the sentencing grid, which means the sentencing court could impose a prison sentence or suspend incarceration and place him on probation. Neither sanction is considered a departure. McLaughlin moved for probation. The court sentenced him to 32 months in prison and to lifetime postrelease supervision, as mandated by Kansas statute.

McLaughlin asked the court to reconsider his sentence, contending lifetime postrelease supervision constitutes cruel and unusual punishment in violation of § 9 of the Kansas Constitution Bill of Rights and the Eighth Amendment to the United States Constitution. Later, he amended his motion by contending his lifetime postrelease supervision challenge was not ripe for judicial review until after his sentencing. Since his criminal history placed him in a border box on the sentencing grid, the sentencing court could have imposed probation. He also filed a notice of appeal.

The court summarily dismissed the motions for lack of jurisdiction because under K.S.A. 2017 Supp. 21-6820(i), when a lawful sentence under the guidelines has been imposed, the sentencing court has no jurisdiction to modify the sentence except to correct arithmetic or clerical errors. He now raises his constitutional challenges to lifetime postrelease supervision on appeal.

2

A brief review of the law clarifies this matter. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). A defendant's sentence becomes final and appealable when the district court pronounces the sentence from the bench. *State v. Northern*, 304 Kan. 860, 862, 375 P.3d 363 (2016). The trial court lacks jurisdiction to modify a sentence thereafter. *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014). The sentencing guidelines allow no defendant to ask the court to modify the sentence imposed. A sentencing judge lacks jurisdiction to modify a legal sentence after pronouncement except to correct an arithmetic or clerical error. *State v. Ballard*, 289 Kan. 1000, 1010, 218 P.3d 432 (2009). After considering these authorities, we hold the sentencing court correctly ruled it lacked jurisdiction to decide McLaughlin's constitutional challenges to lifetime postrelease supervision.

The trouble we have with McLaughlin's position here is that it ignores some fundamental realities of our court system. We cannot review two of McLaughlin's constitutional claims because we are not a fact-finding court. Facts are determined in district court, not in an appellate court. Our Supreme Court has ruled appellate courts cannot review a case-specific Eighth Amendment challenge or a Kansas Constitution Bill of Rights § 9 claim for the first time on appeal because of the factual inquiries involved. *State v. Williams*, 298 Kan. 1075, 1084-85, 319 P.3d 528 (2014). We will elaborate.

Defendants may raise two types of challenges under the Eighth Amendment:
- a case-specific challenge in which the defendant claims, given the circumstances of the case, the length of his or her sentence is grossly disproportionate to the offense; or
- a categorical challenge in which a defendant claims the punishment is inherently disproportionate for a specific category of offenders, involving the nature of the offense or the characteristics of the offender. *Graham v. Florida*, 560 U.S. 48, 59-61, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).

Defendants may also challenge their sentence as cruel or unusual punishment under § 9 of the Kansas Constitution Bill of Rights.

Based on *Williams*, it was incumbent upon McLaughlin to raise his constitutional claims at or before his sentencing hearing so the trial court could make appropriate findings of fact.

McLaughlin contends that he could not have raised his constitutional claims before he was sentenced because with his criminal history and severity level of crime, the court could have imposed probation or could have sent him to prison. Thus, he argues, his challenges were not ripe for judicial review until after sentencing. We are not so persuaded. Prior cases from this court to push us in the opposite direction.

The justiciability doctrine requires that issues be ripe for decision. In other words, "issues must have taken shape and be concrete rather than hypothetical and abstract." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 892, 179 P.3d 366 (2008). But an attack on the defendant's punishment, even if it is contingent on a condition subsequent, must be raised at sentencing.

> "A claim that a criminal defendant's sentence of lifetime postrelease supervision is cruel or unusual punishment is ripe for decision at sentencing . . . [e]ven though the supervision will not begin until sometime in the future after the defendant has completed a term of imprisonment and no one knows exactly what conditions will be imposed on the defendant at that time." *State v. Mossman*, 294 Kan. 901, Syl. ¶ 3, 281 P.3d 153 (2012).

The rule is no different when the sentencing court grants the defendant probation. For example, when a sentencing court imposes probation for a sexually violent crime, postrelease supervision is part of the defendant's sentence, and the defendant must raise any case-specific constitutional challenge to postrelease supervision at sentencing. See

4

*State v. Proctor*, 47 Kan. App. 2d 889, 897, 280 P.3d 839 (2012), *opinion on remand*, No. 104,697, 2013 WL 6726286 (2013 Kan. App.) (unpublished opinion).

In *Proctor*, this court ruled that Proctor's constitutional challenge to lifetime postrelease supervision was ripe at sentencing even though Proctor was in a border box and was ultimately sentenced to probation for aggravated indecent solicitation of a child. He faced lifetime postrelease supervision only if he violated the terms of probation and the court revoked and refused to reinstate his probation. But because there was "no certain path" for asserting this claim in the future under Kansas law, Proctor properly raised the issue before sentencing and on direct appeal. 47 Kan. App. 2d at 891-92, 897-99.

Then in *State v. Denney*, No. 111,511, 2015 WL 1124569, at *1-2 (Kan. App. 2015) (unpublished opinion), Denney pled guilty to attempted aggravated indecent liberties with a child and was sentenced to probation and a 32-month prison term. Denney challenged the constitutionality of lifetime postrelease supervision before the district court, but the district court determined the issue was not yet ripe because Denney would only serve postrelease supervision if his probation was ever revoked. This court reversed and remanded the case for consideration of the merits of Denney's constitutional challenge. 2015 WL 1124569, at *1-2; see *State v. Hernandez*, No. 108,957, 2014 WL 1302611, at *4 (Kan. App. 2014) (unpublished opinion).

We conclude, then, that it did not matter whether the sentencing court imposed probation or a prison sentence. McLaughlin had to raise his constitutional challenges to lifetime postrelease supervision at or before sentencing. With such an interpretation, the district court, where facts are determined, is the initial venue for such questions and not an appellate court.

McLaughlin argues that to require him to argue both for probation and to challenge the constitutionality of lifetime postrelease supervision at his sentencing hearing "would deprive him of the ability to advocate his position effectively while simultaneously eroding the persuasiveness of his arguments for the nonprison sentence." This argument is not persuasive. In fact, arguing why lifetime postrelease supervision would be cruel and unusual punishment as applied to a particular defendant could help persuade the sentencing court to impose probation in a border box situation. At sentencing here, the prosecutor argued that lifetime postrelease supervision was appropriate for McLaughlin. McLaughlin should have made his challenges then.

*We review the categorical challenge because it raises only a question of law.*

The Eighth Amendment to the United States Constitution, which applies to the states under the Fourteenth Amendment, provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. In considering a categorical Eighth Amendment challenge, courts first consider objective indicia of societal standards as conveyed in legislative enactments and state practice to determine whether there is a national consensus against the sentencing rule at issue. Second, guided by precedent and the Eighth Amendment's text, history, meaning, and purpose, the court exercises its own independent judgment and determines whether the punishment violates the constitution. *Graham*, 560 U.S. at 61.

McLaughlin challenges the constitutionality of lifetime postrelease supervision "without any judicial discretion" for the category of first-time offenders. He contends there is a community consensus for discretionary sentencing. Some cases suggest otherwise.

In our view, objective indicia suggests that society is comfortable with lifetime sentences of supervised release for sex offenders, as such sentences are common. See

6

*Mossman*, 294 Kan. at 929. In *Mossman*, our Supreme Court refused to find that mandatory lifetime postrelease supervision was cruel or unusual punishment even though only a handful of states impose punishment as absolute as Kansas' requirement. *Mossman*, 294 Kan. at 920.

In *State v. Reed*, 51 Kan. App. 2d 107, 111, 341 P.3d 616 (2015), this court upheld lifetime postrelease supervision against a categorical challenge even though the court noted that other than Kansas, Nebraska is the only state that imposes mandatory lifetime postrelease supervision for the offense in question. Just because Kansas is one of few states that impose lifetime postrelease supervision without the possibility of release does not mean that there is a national consensus condemning that punishment. See *State v. Sheltrown*, No. 114,180, 2017 WL 1104503, at *4 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. 1329 (2017).

We are also aware that, "Community consensus, while 'entitled to great weight,' is not itself determinative of whether a punishment is cruel and unusual." *Graham*, 560 U.S. at 67. The court must use its own judgment and consider the culpability of the offenders given their crimes and characteristics and the severity of the punishment. The court also considers whether the sentencing rule at issue serves legitimate penological goals— retribution, deterrence, incapacitation, and rehabilitation. *Graham*, 560 U.S. at 67, 71.

In *Mossman* and *Williams*, the Kansas Supreme Court upheld the constitutionality of mandatory lifetime postrelease supervision even though it considered the defendants to be in a class of first-time offenders. 294 Kan. at 928-930; 298 Kan. at 1086-1090. In *State v. Marion*, 50 Kan. App. 2d 802, 816, 333 P.3d 194 (2014), this court held mandatory lifetime postrelease supervision was not cruel or unusual punishment for a first-time offender, who like McLaughlin, was convicted of indecent liberties with a child.

In addition, lifetime postrelease supervision serves legitimate penological goals. See *State v. Cameron*, 294 Kan. 884, 898, 281 P.3d 143 (2012). Supervised release helps rehabilitate sex offenders. Supervised release can incapacitate sex offenders because they are kept under the "watchful eye" of probation officers. *Cameron*, 294 Kan. at 898. Rehabilitation and incapacitation are critical goals of the criminal justice system given the propensity of sex offenders to reoffend. *Mossman*, 294 Kan. at 930. Lifetime postrelease supervision serves the combined penological goals of rehabilitation, incapacitation, retribution, and deterrence. *State v. Collins*, No. 100,996, 2012 WL 6734500, at *8 (Kan. App. 2012) (unpublished opinion).

The *Mossman* court held, "some of the penological objectives for lifetime postrelease supervision—particularly deterrence, incapacitation, and rehabilitation—are the same whether the offender has committed one or many offenses." 294 Kan. at 930.

Following the lead of our Kansas Supreme Court, we conclude that mandatory lifetime postrelease supervision is not categorically disproportionate for first-time offenders and is therefore not cruel and unusual punishment under the Eighth Amendment.

Affirmed.