NOT DESIGNATED FOR PUBLICATION

No. 119,371

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES DAVID BONE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Brown District Court; JOHN L. WEINGART, judge. Opinion filed May 17, 2019.
Affirmed.


*Kristen B. Patty*, of Wichita, for appellant.


*Kevin M. Hill*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., GARDNER, J., and WALKER, S.J.


PER CURIAM:  James David Bone appeals from the district court's summary dismissal of his habeas corpus motion as untimely under K.S.A. 2018 Supp. 60-1507(f)(1)(A). Bone argues that the district court erred in dismissing his motion as untimely and, for the first time on appeal, asserts that the one-year time limit for filing a habeas action should be extended in this case to prevent manifest injustice. Finding no error, we affirm the district court's decision.

FACTS

In January 2011, Bone entered *Alford* pleas to one count each of rape, aggravated indecent solicitation of a child, and aggravated indecent liberties with a child. See *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Bone's pleas resulted from allegations that he sexually molested his 12-year-old niece over a period of several months. The district court initially sentenced Bone to a controlling 330-month term of imprisonment but, on its own motion, later imposed a corrected controlling sentence of 258 months. Bone filed a direct appeal of his sentence with this court. We summarily dismissed Bone's appeal for lack of jurisdiction, and the mandate was issued on June 13, 2012.

On the same day he was sentenced in April 2011, Bone filed a motion to withdraw his pleas. In the motion, Bone argued that he was misled by his counsel about the possible sentence he could receive as a result of his pleas. Following an evidentiary hearing, the district court denied Bone's motion. We affirmed the district court's ruling on appeal. See *State v. Bone*, No. 109,791, 2014 WL 1887649 (Kan. App. 2014) (unpublished opinion). After the Kansas Supreme Court denied Bone's petition for review, the mandate was issued on May 20, 2015.

In April 2016, Bone filed a pro se K.S.A. 60-1507 motion. In the motion, Bone raised the following claims of error:  (1) The district court lacked jurisdiction to accept his pleas after the prosecutor orally amended the complaint at the plea hearing, (2) the prosecutor committed misconduct by orally amending the complaint without leave from the court and without first filing the complaint before the plea hearing, (3) his counsel was ineffective in failing to protect his constitutional rights in connection with the amended charge, and (4) the district court abused its discretion in allowing the plea hearing to proceed after the prosecutor amended the complaint. In February 2017, Bone's appointed counsel requested leave to amend the K.S.A. 60-1507 motion to include

additional claims of error. In response, the State moved to dismiss Bone's original motion as untimely under K.S.A. 60-1507(f) and because it otherwise failed to assert a basis for relief. The State also argued that Bone's amended motion did not cure the untimeliness of the original motion and did not relate back to the original motion because it asserted new grounds for relief.

In January 2018, without holding a hearing, the district court summarily dismissed Bone's K.S.A. 60-1507 motion and request for leave to amend the motion as untimely. See K.S.A. 2018 Supp. 60-1507(f)(1)(A). Bone timely appeals.

ANALYSIS

Bone argues that the district court erred in summarily dismissing his K.S.A. 60-1507 motion as untimely. Bone alleges that his motion was timely filed and, for the first time on appeal, asserts that the one-year time limit for filing a habeas action should be extended in this case to prevent manifest injustice.

Where, as here, the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Resolution of this appeal requires interpretation of the time limitation set forth in K.S.A. 2018 Supp. 60-1507(f)(1). Interpretation and application of a statute of limitations is a question of law over which an appellate court has unlimited review. *Law v. Law Company Building Assocs.*, 295 Kan. 551, 566, 289 P.3d 1066 (2012).

*Timeliness*

A habeas corpus motion "must be brought within one year of . . . [t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2018 Supp. 60-1507(f)(1)(A).

Bone filed a direct appeal of his sentence, which we summarily dismissed for lack of jurisdiction. The mandate was issued on June 13, 2012. The district court found that the issuance of the mandate began the running of the one-year clock for Bone to file his K.S.A. 60-1507 motion. Because Bone did not file his motion until April 8, 2016, the district court dismissed it as untimely. See K.S.A. 2018 Supp. 60-1507(f)(1)(A).

Rather than finding that the clock started running on June 13, 2012, Bone suggests that the district court instead should have found that it started running on May 20, 2015— the date the mandate was issued following our ruling affirming the district court's denial of Bone's motion to withdraw his plea. Relying on *State v. Hall*, 292 Kan. 862, 257 P.3d 263 (2011), Bone contends that he could not directly appeal his convictions until he first moved to withdraw his pleas.

Although a defendant who pleads guilty can appeal his or her sentence, K.S.A. 2018 Supp. 22-3602(a) is a jurisdictional bar to a defendant's direct appeal of his or her conviction resulting from a guilty plea. See *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012) (K.S.A. 22-3602[a] prohibits any direct appeal from conviction after guilty plea); *Hall*, 292 Kan. 862, Syl. ¶ 1 (defendant may not file direct appeal from plea of guilty unless he or she first moves to withdraw plea and district court denies motion). That said, Bone could have pursued his claims in a K.S.A. 60-1507 motion following the direct appeal of his sentence because 60-1507 proceedings are not subject to this jurisdictional bar. See K.S.A. 2018 Supp. 22-3602(a) ("No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or

nolo contendere, *except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507.*" [Emphasis added.]); *Freed v. State*, No. 107,960, 2013 WL 2919869, at *4 (Kan. App. 2013) (unpublished opinion) (holding that K.S.A. 60-1507 motion following conclusion of sentencing appeal can raise issues stemming from both plea and sentencing proceedings, reasoning that statute "'is not to be used in such a way as to thwart the policy against piecemeal appeals'").

Bone's original K.S.A. 60-1507 motion was untimely because it was filed more than one year after the direct appeal of his sentence became final. See K.S.A. 2018 Supp. 60-1507(f)(1)(A). Therefore, Bone's request for leave to amend the motion also was untimely. The district court did not err.

*Manifest injustice*

Notably, the one-year time limitation for bringing an action may be extended by the district court "only to prevent a manifest injustice." K.S.A. 2018 Supp. 60-1507(f)(2). Bone did not acknowledge the untimely nature of his filing or make any claim of manifest injustice in the pro se motion he filed with the district court or in the request for leave to amend the motion, even though the State asked the court to deny Bone's motion for relief based on its untimeliness. The district court ultimately dismissed Bones' K.S.A. 60-1507 motion based on his failure to file it before the June 13, 2013 deadline. Predictably, the district court did not address the issue of manifest injustice in its order denying Bone relief because Bone did not raise the issue in his motions.

Bone asserts for the first time on appeal that the one-year time limitation for filing his K.S.A. 60-1507 motion should be extended in this case to prevent manifest injustice. See K.S.A. 2018 Supp. 60-1507(f)(2). Generally, issues not raised before the trial court cannot be raised on appeal. *State v. Carter*, 305 Kan. 139, 159, 380 P.3d 189 (2016). An

appellate court may consider a new argument on appeal only if the newly asserted theory involves a pure question of law arising on proved or admitted facts that is finally determinative of the case or if consideration of the new theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Northern*, 304 Kan. 860, 864-65, 375 P.3d 363 (2016).

Although Bone appears to acknowledge that he did not explicitly raise the issue of manifest injustice below, he only incidentally argues that "it would be fundamentally unfair" to bar his K.S.A. 60-1507 motion as untimely because he moved to withdraw his plea and then appealed from the denial of that motion. Kansas Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) requires an appellant to explain why an issue not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be considered waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014); see *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (Rule 6.02[a][5] is to be strictly enforced). Because Bone provides no more than an unpersuasive and conclusory justification for this court to consider his claims for the first time on appeal, we find that Bone has waived or abandoned these claims. See *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) (point raised incidentally in brief but not argued therein is deemed abandoned).

Affirmed.