NOT DESIGNATED FOR PUBLICATION

No. 122,839

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTINA MICHELLE BORST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed December 10, 2021. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL and HURST, JJ.

PER CURIAM: Christina Borst pled guilty to two counts of aggravated assault without entering into a plea agreement. At sentencing, the district court found that Borst used a deadly weapon in the commission of her crime which required her to register for 15 years under the Kansas Offender Registration Act (KORA). Borst appeals, asserting for the first time that the district court violated her United States and Kansas constitutional rights by determining she had to register under KORA.

1

FACTUAL AND PROCEDURAL BACKGROUND

In January 2020, Borst pled guilty to two counts of aggravated assault related to an incident on November 17, 2019. Unlike most instances of pleas, Borst did not enter into a plea agreement with the State in exchange for her plea. The complaint alleged Borst "unlawfully, feloniously, and knowingly place[d]" her parents "in reasonable apprehension of immediate bodily harm *with a deadly weapon*, a severity level 7 person felony, which constitutes a domestic violence offense . . . ." (Emphasis added).

At the plea hearing, Borst confirmed she understood the charges against her and wanted to plead guilty. The district court explained that by entering into a plea she was giving up her presumption of innocence and her right to contest the charges through a trial. She also stated that she received no promises in exchange for her pleas.

The district court asked the State to provide a factual basis to support the charges. The State asserted its evidence would show that police officers responded to multiple calls at Borst's parents' house and were told that Borst was having a mental health crisis. The officers responded for a final time and learned Borst picked up two large kitchen knives, pointed them at her parents in a threatening manner and told them, "'I will fight you.'"

The district court asked Borst whether she heard and understood the State's factual basis. Borst said, "Yes." The district court then asked Borst whether, to the best of her recollection, the State's factual basis was "an accurate statement of the facts of [the] case." Again, Borst said, "Yes." Finally, the district court asked Borst to think about the rights she was giving up by entering her pleas and asked, "[I]s it still your desire to plead guilty to Counts I and II of the Complaint?" Borst

2

responded, "Yes." The court accepted Borst's pleas, and Borst provided no other information for the court to consider.

The court held a sentencing hearing in March 2020 and determined, through the presentence investigation (PSI) report, that Borst had a criminal history score of H as to Count I and a criminal history score of I as to Count II, and that both counts were severity level 7 person felonies. Borst's parents gave statements regarding their daughter's history, her reported psychological problems, and her actions that led to the charges; and they requested that she receive help. The State requested a litany of orders from the court, including:

- Borst be required to take her medication as prescribed;
- attend substance use treatment;
- have a mental health and domestic violence evaluation; and
- she be ordered to live in a residential placement facility.

The State also requested the district court make a "deadly weapon finding" and order Borst to register as a violent offender because of the "knives in this case." The State also cited Borst's prior assault convictions and noted that she had a pending case for returning to her parents' house and attempting to enter the premises while she was out on bond for the current charges.

The district court allowed Borst to respond, whereupon her attorney requested probation in the community and agreed that a mental health evaluation and compliance with treatment recommendations should be required. Her attorney explained that Borst's limited criminal history did not warrant residential placement, but conceded that it could be an option in the future if necessary. Her attorney also pointed out that Borst has served 109 days in custody awaiting her plea and sentencing. Her attorney then said, "The final thing that I would request is that there not be a finding of a deadly weapon in this case."

After hearing the testimony, the district court sentenced Borst to 12 months on Count I and 11 months on Count II, and ordered the sentences to run consecutively. In lieu of imprisonment, the district court ordered Borst to serve 24 months of probation at an adult residential center followed by 90 days at a substance use treatment center. The district court also ordered that Borst have mental health, substance abuse, and domestic violence evaluations and follow any recommendations. Finally, the district court stated that it "does make the deadly weapon finding in this case and is going to require registration." Borst did not object or provide any further statement or testimony regarding the sentence.

Borst appealed.

## DISCUSSION

The district court's deadly weapon finding requires Borst to register under KORA for a period of 15 years. K.S.A. 2020 Supp. 22-4901 et seq; see K.S.A. 2020 Supp. 22-4902(a)(2), (e)(2); K.S.A. 2020 Supp. 22-4906(a)(1)(N). Borst appeals her KORA registration requirements alleging, for the first time on appeal, that the district court erred by: (1) engaging in judicial fact-finding in violation of her constitutional right to a jury trial to determine she was required to register under KORA; (2) requiring KORA registration because it violates her constitutional due process rights; and, (3) engaging in judicial fact-finding to determine Borst's criminal history score in violation of the United States and Kansas Constitutions.

### I.    *Borst Failed to Preserve her Claims*

As a preliminary matter, this court does not typically entertain claims not properly preserved for its consideration. *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

4

The district court is in the best position to engage in fact-finding, and this court will not reweigh the evidence and relitigate the matter. *State v. Butler*, 307 Kan. 831, 844-45, 416 P.3d 116 (2018).

Borst acknowledges she failed to raise any of her now-asserted constitutional violations to the district court. Despite this failure, Borst encourages this court to address the merits of her claims for the first time on appeal because (1) the issues involve a pure question of law arising on proven or admitted facts and are finally determinative of the case; and (2) consideration of the issues is necessary to prevent a denial of her fundamental rights. See, e.g., *State v. Northern*, 304 Kan. 860, 864-65, 375 P.3d 363 (2016) (explaining the exceptions to the preservation requirement).

## II.     Borst's Claims

Borst pled guilty to the charges without an assurance of leniency or charge reduction, and she now asserts for the first time that the district court violated her United States and Kansas constitutional rights.

Borst alleges the district court violated her right to a jury trial when it found she used a deadly weapon in commission of the two aggravated assaults. Borst failed to preserve this claim. The complaint alleged that Borst used a deadly weapon and at the plea hearing the State requested that finding. Although Borst's attorney requested the court find otherwise, neither the attorney nor Borst contested the district court's deadly weapon finding. Borst failed to object to the court's determination or allege any constitutional violations at the plea hearing or sentencing. Moreover, Borst acknowledges that the Kansas Supreme Court has found that KORA's registration requirements do not violate the constitutional requirement of a right to a jury trial. See *State v. Huey*, 306 Kan. 1005, Syl. ¶ 2, 399 P.3d 211 (2017) ("Because the legislature intended KORA to be a regulatory scheme that is civil and nonpunitive, only the clearest proof will suffice to

5

override legislative intent and transform what has been denominated a civil remedy into a criminal penalty."). Borst merely argues that *Huey* was wrongly decided, and this court should upend that precedent and entertain her unpreserved claims.

Borst alleges that KORA unconstitutionally violates her due process rights because it does not identify the burden of proof required or provide a mechanism for defendants to contest a discretionary finding. Borst failed to make this claim to the district court. Borst also acknowledges that a panel of this court previously addressed a similar case and held contrary to her argument. See *State v. Ford*, No. 119,328, 2019 WL 3242420, at *4-6 (Kan. App. 2019) (unpublished opinion). Borst argues the panel erred in *Ford* and this court should review her unpreserved claim to find the same.

Borst alleges that the district court violated her rights under the Sixth and Fourteenth Amendments to the United States Constitution and section 5 of the Kansas Constitution Bill of Rights when it determined her criminal history score pursuant to the KSGA. Borst did not assert these claims to the district court. Once again, Borst acknowledges that more than one panel of this court has found that the KSGA criminal history calculation procedure does not violate section 5 of the Kansas Constitution Bill of Rights. See *State v. Albano*, 58 Kan. App. 2d 117, 129-30, 464 P.3d 332 (2020), *aff'd* 313 Kan. 638, 487 P.3d 750 (2021); *State v. Valentine*, No. 119,164, 2019 WL 2306626, at *6 (Kan. App. 2019) (unpublished opinion). Additionally, Borst failed to mention that the Kansas Supreme Court affirmed *Albano* and found: "Section 5 of the Kansas Constitution Bill of Rights does not guarantee defendants the right to have a jury determine the existence of sentence-enhancing prior convictions under the [KSGA]." *Albano*, 313 Kan. 638, Syl. ¶ 4.

Borst does acknowledge that the Kansas Supreme Court has held that the KSGA does not violate the Sixth and Fourteenth Amendments to the United States Constitution. See *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). Borst does not expect this

6

court to overrule *Ivory*, but merely asserts these United States constitutional violations to preserve the issue for further appeal.

### III. *Appellate Review of Unpreserved Claims is Prudential*

Assuming Borst is correct, and her claims all fit within the exceptions permitting review of unpreserved claims—this court is not obligated to do so. See *Gray*, 311 Kan. at 170. Borst failed to assert any of these claims to the district court and allow it to engage in any necessary fact-finding. Borst could have asserted her right to a jury trial, and even if she wanted to avoid a jury trial—she could have contested the State's evidence at her plea hearing regarding her use of a deadly weapon, objected to the district court's determination at the hearing or sentencing, or objected to its right to impose KORA requirements or evaluate her prior convictions for sentencing purposes. Borst's failure deprived the district court of its ability to evaluate her claims.

Borst also appears well aware of the existing precedent related to her claims. Appellate review of unpreserved claims is prudential, not mandatory. This court declines to extend any exception to Borst and will not review her unpreserved claims.

CONCLUSION

Borst failed to preserve her claims for review and the district court's decision is affirmed.