NOT DESIGNATED FOR PUBLICATION

Nos. 128,248
128,486

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOGAN BENJAMIN-LEE GENTRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Chase District Court; W. LEE FOWLER, judge. Oral argument held January 6, 2026. Opinion filed May 22, 2026. Reversed and remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., CLINE and COBLE, JJ.

ISHERWOOD, J.: Logan Benjamin-Lee Gentry entered a no contest plea to multiple offenses and received a probation term of 24 months. The district court scheduled a restitution hearing for roughly 60 days postsentencing to allow for a thorough assessment of the costs associated with the injuries Gentry caused. Gentry committed a new crime less than two weeks later, and the district court revoked his probation. Three weeks after the revocation of his probation, the district court conducted the restitution hearing as scheduled and imposed a restitution order of $85,268.12. Gentry brings this appeal to resolve whether his probation could be revoked while the amount of his restitution was

1

still in question. Following a careful analysis of the claim alongside the record we find that the district court's orders on those issues are legally incompatible. Restitution is considered part of an offender's sentence. Thus, when the district court scheduled that issue to be resolved at a later date, it rendered Gentry's sentence incomplete. A district court does not have jurisdiction to revoke a probationer's term of supervision while their overall sentence remains open-ended. Accordingly, the decision of the district court is reversed, and Gentry's case is remanded for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Gentry crashed a stolen vehicle during a police chase which resulted in traumatic and life altering injuries to his girlfriend, who was riding as his passenger. Gentry entered no contest pleas to aggravated battery, in violation of K.S.A. 21-5413(b)(1)(B); fleeing and eluding law enforcement, in violation of K.S.A. 8-1568(b)(1)(E); and interference with law enforcement, in violation of K.S.A. 21-5904(a)(4).

At sentencing, the district court noted that the combination of Gentry's convictions and criminal history score placed him in the presumptive probation category under the Revised Kansas Sentencing Guidelines Act (KSGA) and ordered a 24-month probation term in accordance therewith. Given the nature of Gentry's conduct that resulted in those convictions, the court imposed the aggravated number in the sentencing grid box for each of the underlying offenses. The judge ordered those sentences to be served consecutively, should they ever be imposed, for a controlling prison term of 31 months. The district court informed Gentry that his probation began immediately.

The State requested that the district court set restitution over to a later date because more time was needed to assess the full extent of the costs associated with the victim's injuries. The judge noted that the parties agreed upon the payment of restitution as part of Gentry's plea arrangement, so he would endeavor to establish a restitution order that was

2

workable in light of the substantial medical expenses incurred by the victim. The court then set a hearing date for October 15, 2024, roughly 60 days from the date of sentencing. Nine days later, Gentry committed a new offense and on September 23, 2024, the district court revoked his probation. The district court held its restitution hearing as scheduled on October 15, 2024, and ordered Gentry to remit $85,268.12 in restitution.

Gentry now brings his case before this court for a determination of whether the chronology of events in his case prohibited the district court from revoking his probation when his sentence remained open for a determination of restitution. We find that these two events cannot occur simultaneously. Once the district court agreed to delay the conclusion of Gentry's sentencing it was without jurisdiction to revoke his probation. Accordingly, the case must be remanded for resentencing.

## LEGAL ANALYSIS

*The orders revoking Gentry's probation and imposing restitution cannot coexist under the facts and circumstances of this case.*

Gentry argues that sentencing must have been completed for the district court to have jurisdiction to revoke his probation and, if sentencing was completed, then when the district court ultimately ordered restitution, it lacked jurisdiction to do so. The State responds that by leaving Gentry's case open to assess restitution, the district court retained jurisdiction over Gentry's sentence. Thus, because sentencing was not complete, the district court erred when it revoked Gentry's probation. We find that Gentry's probation could not begin until after his sentence was finalized. Under the facts of this case, that end was not achieved until after the restitution order was imposed. Given the timing of the respective events, revocation and the restitution order, the district court erred when it revoked Gentry's probation.

3

The questions of when Gentry's probation commenced and whether the district court could order restitution at the point that it did require us to analyze jurisdictional principles and engage in statutory interpretation. Both analytical endeavors are properly classified as questions of law over which we exercise unlimited review. *State v. Hall*, 298 Kan. 978, 982-83, 319 P.3d 506 (2014).

The most effective way to analyze the issues and "show our work" is to simply walk through the case and address the implications of key chronological steps. The first significant point is Gentry's sentencing hearing. The record before us reflects that at the outset of the proceeding, the State requested that restitution be set apart for an independent hearing. In support of its request, the State informed the district court that the victim remained hospitalized, and the ongoing nature of her medical care had delayed the accurate calculation of expenses. Following the parties' recitation of their sentencing recommendations, the judge followed the presumption and placed Gentry on probation for 24 months with an underlying prison term of 31 months. Recognizing the exorbitant costs of the victim's care and treatment required by the magnitude of her injuries, the judge proposed an additional 60 days for the State to arrive at a defensible restitution figure. The parties were scheduled to return to court on October 15, 2024, to finalize the matter.

This phase of Gentry's case, the manner in which restitution was handled, marks the next considerable point for our analysis. Restitution is part of a criminal defendant's sentence. *State v. Northern*, 304 Kan. 860, 862, 375 P.3d 363 (2016). A district court is not required to make a final determination regarding restitution at the initial sentencing hearing. *State v. Beaman*, 295 Kan. 853, 863, 286 P.3d 876 (2012) (A district court may exercise its discretion to continue a sentencing hearing.). This makes logical sense because the reality is, as evidenced by the facts of this case, that a final calculation of restitution may not yet be available to coincide with the date and time that the court pronounces the custody portion of an offender's sentence. Thus, the proceeding may be

continued for that purpose provided the district court judge is explicit in their intentions to extend sentencing to calculate restitution. *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019). No magic words are required to retain jurisdiction over restitution but certainly setting a specific date for a restitution hearing, as the district court did here, is above the minimum standard. See *State v. Charles*, 298 Kan. 993, 1002-03, 318 P.3d 997 (2014). A failure to adhere to this specificity requirement will deprive the district court of the subject matter jurisdiction required to order restitution at a later date. 298 Kan. at 1002-03. This is because a legal sentence takes effect once it is pronounced from the bench. That pronouncement typically marks the end of the sentencing court's jurisdiction, as well as the end of its ability to modify a defendant's sentence thereafter unless arithmetic or clerical errors are discovered. *State v. Davis*, 312 Kan. 259, 286, 474 P.3d 722 (2020). If the district court fails to take the proper measures to affirmatively hold restitution over to a subsequent hearing, it risks the door closing when the initial sentencing hearing concludes and losing its ability to enter an order. *State v. Frierson*, 298 Kan. 1005, 1021-22, 319 P.3d 515 (2014) ("[I]f a district judge is in need of additional information to set restitution or decide any other aspect of the sentence to be handed down, the judge should explicitly order a continuance or bifurcation of the hearing.").

We are satisfied that the district court met its preliminary obligation to make its intentions known, and the parties do not make any argument otherwise. The judge announced that he was holding jurisdiction open in order to obtain complete cost assessments, and he expressed an awareness of the considerable sum of money at issue, and the complexity of poring over the various medical bills, and "set [the] restitution date" for October 15, 2024.

The point of contention in Gentry's case, and the third key point in our analysis, is the implication that the district court's continuance of the restitution determination had for his term of probation. Again, the district court advised Gentry he would begin serving

5

his probation immediately upon completion of the "process[ing]" that would follow his initial sentencing hearing. That assertion, however, runs directly contrary to governing statutes and caselaw. Our criminal code defines "probation" as "a procedure under which a defendant, convicted of a crime, is released by the court after imposition of sentence." K.S.A. 21-6603(g). Our Supreme Court has made clear that because restitution accounts for a component of an offender's sentence, when the proceeding is left open as it was here, then sentencing is not properly classified as completed until the applicable restitution amount is decided. *Northern*, 304 Kan. at 862; *State v. Moncla*, 301 Kan. 549, 554, 343 P.3d 1161 (2015); *Charles*, 298 Kan. at 1003; *Frierson*, 298 Kan. at 1020; *Hall*, 298 Kan. at 986. Gentry reasons that his sentencing must have been complete because the district court placed him on—and even revoked—probation. Whatever incantation is uttered by the district court or what actions the judge later takes in reliance thereon, it does not supersede the dictates of the Legislature and the Kansas Supreme Court that a sentence must be complete before probation can commence. Sentencing was not yet complete and therefore Gentry was not, in fact, on probation "now."

Gentry cites *State v. Gary*, 282 Kan. 232, 144 P.3d 634 (2006), for its holding that a district court may not use a defendant's conduct prior to sentencing as the basis for revoking probation. In that case, Lorenzo C. Gary committed a new crime in between his conviction and his sentencing hearing. The State ultimately charged him with that new offense and moved to revoke his probation. The *Gary* court held that, although the revocation hearing occurred while Gary was on probation, he committed the act before probation started. Probation cannot be revoked unless the probationer commits a violation of a condition of probation. Because Gary was not yet on probation when he committed the new crime, he could not have violated a probation condition and the new crime could not form the basis for revoking probation. 282 Kan. at 238.

A similar analysis is applicable here. The district court could not revoke a probation which had not yet begun. If the district court's intention was simply to have

6

Gentry released from custody pending the restitution hearing, it opted for the wrong vehicle. K.S.A. 22-2804 authorizes the district court to release a defendant on bond after conviction but prior to sentencing and stands as the sole avenue available to the district court for that purpose in this case. See *State v. Harris*, No. 124,637, 2023 WL 1487807, at *3-5 (Kan. App. 2023) (unpublished opinion); *State v. Patton*, No. 117,115, 2018 WL 1247192, at *5 (Kan. App. 2018) (unpublished opinion); *State v. McCartney*, No. 95,591, 2007 WL 1309606, at *2 (Kan. App. 2007) (unpublished opinion). The district court erred by revoking Gentry's probation before it even commenced.

Reversed and remanded with directions.