NOT DESIGNATED FOR PUBLICATION

No. 127,288

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

MATTHEW CHARLES SCHLOBOHM,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Submitted without oral argument. Opinion filed June 5, 2026. Affirmed in part, reversed in part, and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Garett C. Relph*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., HURST, J., and PAULA HOFAKER, District Judge, assigned.

PER CURIAM:  Matthew Charles Schlobohm entered a diversion agreement on drug-related charges. When he violated the conditions of that agreement, the State prosecuted the crime in a bench trial on stipulated facts. The district court convicted Schlobohm and sentenced him to probation. He filed an untimely notice of appeal, and our court remanded the appeal to the district court for consideration of an exception to the jurisdictional time bar under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). On remand, the district court concluded that Schlobohm had failed to establish any of the *Ortiz* exceptions. Schlobohm now appeals that determination. After review of the record

1

on appeal, we affirm the district court's finding on the third *Ortiz* exception as supported by the evidence. But we must remand to the district court for a hearing only on the third step in the first *Ortiz* exception's analysis, as explained below.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying circumstances of the charged drug crimes are immaterial to resolving the issues on appeal. The State offered Schlobohm a diversion agreement, and Schlobohm accepted, stipulating to facts supporting the underlying crimes.

Several months later, the State moved to revoke the diversion. Ultimately, the court concluded that Schlobohm violated the terms of his diversion agreement and revoked the diversion. Schlobohm filed a motion for a dispositional sentencing departure. At sentencing, the court granted the departure, placing Schlobohm on probation for 18 months with an underlying controlling prison sentence of 18 months. At the end of the sentencing hearing, the court informed Schlobohm that he must file any notice of appeal within 14 days of sentencing.

Schlobohm did not file a notice of appeal until he filed a pro se notice of intent to appeal almost two months after sentencing, on March 10, 2023. After the appeal was docketed, this court issued an order to show cause to the parties to explain why we possessed jurisdiction. After receiving responses, we remanded the case to the district court for a hearing to determine application of any exceptions to the late notice of appeal under *Ortiz*.

On remand, the district court held an evidentiary hearing, at which Schlobohm's appointed defense attorney, Deb Erickson, and Schlobohm testified. Erickson testified that Schlobohm contacted her by email in late May 2023 about appealing his convictions and sentencing. Until that time, Erickson had received no indication that Schlobohm

2

wanted to take an appeal, and, even after Schlobohm contacted her, Erickson provided her frank assessment that any appeal would lack substantive merit. She also explained to Schlobohm that the time for filing an appeal had passed.

Not surprisingly, Schlobohm's testimony contradicted Erickson's account. He testified that he repeatedly asked Erickson about withdrawing his diversion agreement and contesting the underlying criminal charges. Schlobohm believed that Erickson understood that he wished to challenge everything about the diversion, including taking an appeal. Schlobohm stated that he told Erickson to take an appeal when the court informed him of his appeal rights at sentencing. But Schlobohm also admitted that he was not sure Erickson heard him because she provided no response. Schlobohm indicated that he tried to contact Erickson on several occasions, but he did not explain when this contact occurred or by what means he tried to contact her.

After considering the testimony and other evidence in the record, the district court concluded that Schlobohm did not establish the applicability of any *Ortiz* exceptions for a late notice of appeal.

Schlobohm timely appealed from the district court's ruling.

ANALYSIS

*Did the district court improperly conclude that Schlobohm failed to establish an exception warranting an untimely appeal?*

In this appeal, Schlobohm challenges the district court's *Ortiz* decision. Appellate courts apply a bifurcated standard of review for a district court's ruling on an *Ortiz* exception to a late notice of appeal. The appellate court extends deference to any fact findings supported by substantial competent evidence, which is the legal and relevant evidence that a reasonable person might accept as sufficient to support a conclusion. The

appellate court exercises unlimited review of the legal conclusion based on the facts established by the district court. In evaluating the evidence, an appellate court does not weigh witness credibility. *State v. Collins*, 320 Kan. 211, 216, 564 P.3d 393 (2005).

In *Ortiz*, the Kansas Supreme Court recognized three exceptions to the jurisdictional bar statutorily imposed by a late appeal. The first exception—that a criminal defendant was not informed of his or her appeal rights—is based on procedural due process. The other two exceptions—that a criminal defendant was not furnished with an attorney to perfect an appeal or that the attorney failed to perfect and complete an appeal—is based on a criminal defendant's constitutional right to effective assistance of counsel. *Collins*, 320 Kan. at 216 (citing *State v. Patton*, 287 Kan. 200, 218-19, 195 P.3d 753 [2008]). Schlobohm does not challenge the district court's findings with respect to the second exception but argues that the district court mistakenly concluded that he failed to establish the first and third exceptions. Any argument with respect to the second exception is therefore waived and abandoned. *State v. Johnson*, 321 Kan. 357, 371, 580 P.3d 20 (2025) (party waives an argument by failing to properly brief it).

1. *First* Ortiz *Exception—Notification of the Right to Appeal*

The due process right identified by *Patton* and applied in *Collins* requires a district court to inform a criminal defendant that: "'(1) a right to appeal the severity level of the sentence exists; (2) any such appeal must be taken within [14] days; and (3) if the defendant is indigent, an attorney will be appointed for the purpose of taking any desired appeal.'" *Collins*, 320 Kan. at 217 (quoting *Patton*, 287 Kan. at 220).

Here, Schlobohm correctly notes that the district court advised him at sentencing of his right to appeal within 14 days of sentencing but failed to advise him that counsel would be provided to help prosecute the appeal. The district court told Schlobohm, "You

also have the right to appeal any part of my decision. If you want to do that, you must first file a notice of appeal within 14 days of today."

When the defendant shows that the district court failed to fully address a criminal defendant's appeal rights on the record, the burden shifts to the State to establish evidence from other sources that show that the criminal defendant was aware of all aspects of his or her appeal rights. *Collins*, 320 Kan. at 217. Here, because the district court believed it had satisfied the due process requirements, it did not provide the State with the opportunity to satisfy this step of the analysis.

Even so, on appeal, the State contends that advising Schlobohm of the right to an attorney for his appeal was a moot point because Schlobohm already had an attorney. The testimony of Schlobohm and his trial attorney, Erickson, suggest that Schlobohm understood that Erickson would file an appeal, even if he did not understand that another attorney would prosecute the appeal. Schlobohm testified that he communicated his desire to take an appeal to Erickson. While Erickson disputed the communication, Schlobohm's testimony still indicated that he understood his right to appeal and that Erickson would assist him in at least the filing of a notice of appeal.

But weighing the testimony of Schlobohm and his trial counsel and determining whether Schlobohm understood his right to have representation on appeal is an issue of fact. We are not a fact-finding court. As in *Collins*, here the district court made no findings on this third step of the required advisory—that Schlobohm was aware that he had a right to counsel and could receive appointed appellate counsel. In *Collins*, the Kansas Supreme Court only found that Collins knew he could appeal and knew how much time he had to appeal. As a result, the district court "erroneously ignored a critical and necessary component of [the defendant's] actual knowledge." *Collins*, 320 Kan. at 218.

5

Following our Supreme Court's lead, the remedy before us is clear. In *Collins*, the Kansas Supreme Court refused to permit the State to present evidence of Collins' knowledge of his right to appeal on remand, reasoning that the State had an opportunity to present that evidence and failed. The court remanded the case solely on the question of whether Collins would have taken an appeal if properly advised. 320 Kan. at 220.

Consequently, consistent with the reasoning of *Collins*—precluding the district court from considering any new evidence after the initial *Ortiz* hearing—we remand the case to the district court for consideration of the third step of the first *Ortiz* exception's analysis—whether Schlobohm was aware of all aspects of his appeal rights. Like in *Collins*, the record contains circumstantial evidence of Schlobohm's intent to appeal through his late pro se filing. Schlobohm provided testimony at the *Ortiz* hearing regarding his intent to appeal, although the district court was not required to accept that testimony as credible. But again, this court does not weigh the evidence or determine questions of fact, so remand is necessary. 320 Kan. at 220.

### 2. *Third* Ortiz *Exception—Attorney Failed to Perfect Appeal*

Under the third exception, a defendant must establish that he or she told counsel of the desire to appeal but the attorney failed to file or perfect the appeal. If the defendant establishes this step of the analysis, the court presumes prejudice because the deficient representation forfeited the right to appeal. But the defendant must still establish an intent to take an appeal. *Collins*, 320 Kan. at 221.

Citing K.A.R. 105-3-9(a)(3) (dealing with waivers in representation), Schlobohm bootstraps Erickson's duties as a Board of Indigents' Defense Services attorney into an obligation to file a notice of appeal absent knowledge that Schlobohm did not wish to file an appeal. This argument turns the *Ortiz* standard on its head and has been rejected by the Kansas Supreme Court. See *Collins*, 320 Kan. at 221 (citing *State v. Northern*, 304 Kan.

6

860, 865, 375 P.3d 363 [2016]). The third *Ortiz* exception requires Schlobohm to establish that he actually communicated his desire to appeal to Erickson.

Schlobohm attempts to shift the burden of communication to Erickson by noting that the district court adopted Schlobohm's testimony that he repeatedly called Erickson and she did not respond to his calls. The district court mentioned that Schlobohm testified that he attempted to call Erickson and she did not return his calls. The district court placed no timeframe on these calls because Schlobohm did not establish a timeframe in which this communication occurred. Schlobohm alleged that he told Erickson to appeal at the sentencing hearing, saying, "[O]kay, yes, let's do it," after the court informed him of the right to appeal. This was the only communication, if it occurred, that clearly occurred within the 14-day time period. With respect to the oral communication at sentencing, Schlobohm admitted that Erickson may not have heard him because she failed to acknowledge the statement. Erickson confirmed that she did not hear Schlobohm's request for an appeal, if he made one.

The district court's conclusion that Schlobohm failed to carry his burden of establishing a timely communication to counsel of a desire to appeal under the third *Ortiz* exception is supported by the evidence.

3. *Conclusion*

As explained above, we reverse the district court only as to the first *Ortiz* exception. We remand to the district court for a hearing only on the third step in the first *Ortiz* exception's analysis—that is, whether Schlobohm was aware of all of his appeal rights, including that he had a right to counsel and could receive appointed appellate counsel. During this hearing on remand, the district court must first fully inform Schlobohm of his rights to appeal, and neither party may present new evidence at this hearing. As our Supreme Court directed in *Collins*, the district court is required to make

the appropriate factual findings on whether Schlobohm would have appealed had he been properly advised of his appellate rights. 320 Kan. at 223.

Affirmed in part, reversed in part, and remanded with directions.